BAILEY
v.
FREEMAN.

BAILEY AND BOGERT *against* FREEMAN.

THIS was an action of *assumpsit* on a special agreement, tried before Mr. Justice *Van Ness*, at the *New-York* sittings in *November*, 1813, (*See* S. C. *on Demurrer, vol.* 4. 280.)

The plaintiffs recovered a verdict against *Noel Blanche*, in 1808, on which a *fi. fa.* was issued and levied on the goods of *Blanche*, who applied to the plaintiffs for time, and offered to pay the costs and give security for the debt, payable in six months, in chocolate, at a stipulated price, if the plaintiffs would cause the execution to be returned *nulla bona*, and forbear all further proceedings under the judgment, for six months; and the defendant was then named as the person who was to be security for the performance of the stipulation of *Blanche*. The attorney of the plaintiffs then drew up the following memorandum, which was signed by *Blanche*.

" I do hereby agree to deliver Messrs. *Bailey & Bogert*, within six months from the date hereof, fresh and good chocolate, equal in quality to *Caldwell's* of *Albany*, at a discount of five *per cent.* from the wholesale price at which *Caldwell's* chocolate of the same quality may be selling at the time of delivery, and to the amount of 392 dollars and 71 cents, with interest from the 5th of *May* last; and further, that all the costs, expenses, fees, and poundage on the execution issued by Messrs. *Bailey & Bogert* against me, being paid by me, their attorneys shall direct the said execution to be returned *nulla bona*. *New-York*, 11th *of July*, 1808, *N. Blanche*."

*Blanche* then went with a clerk of the plaintiff's attorney to the counting-house of the defendant, who signed the following guaranty :

"I do hereby guaranty the performance of the above agreement, and every part thereof, on the part of *Noel Blanche*, to be performed at the time and to the amount therein mentioned : provided the said *Noel Blanche*, shall, when the same ought to be performed, be then in life, but not otherwise. *New-York*, 11th *July*, 1808. *Phineas Freeman*."

*B.* signed an agreement in writing to deliver to *A.* a quantity of chocolate in six months at a stipulated price, and all costs on an execution issued by *A.* against *B.* being paid, the execution was to be returned *nulla bona.* At the bottom of this agreement, *F.* signed a written guaranty, viz. "I guaranty the performance of the above agreement, and every part thereof on the part of *B.* to be performed." &c. In an action on this guaranty against *F.* It was held to be an original collateral agreement, and not a promise to pay a previously subsisting debt of *B.*, and so a valid agreement within the statute of frauds. The agreement of *B.* and the guaranty of *F.* formed an entire contract, including the consideration stated in the agreement, to which the guaranty referred ; and if no consideration had been expressed in the principal agreement, it might be shown by parol.

NEW YORK,
August, 1814.

BAILEY
v.
FREEMAN.

The counsel for the defendant objected to the admission of this agreement and guaranty in evidence, 1. Because they were evidence of an agreement and guaranty different from those set forth in the declaration; 2. Because they contained no consideration for any promise by the defendant, and no parol evidence of any such consideration was admissible, nor can any parol evidence be admitted to show a different agreement from the writing produced, nor could the plaintiffs give evidence of any verbal communication between the original parties previous to the written memorandum; or if the plaintiffs could, in any case, give evidence of any agreement not contained in the writing, they must show that the defendant was acquainted with it, and à party to it at the time of signing his guaranty.

The judge admitted the evidence, reserving the points raised by the defendant's counsel.

It appeared that on the 12th of *January*, 1809, the plaintiffs informed the defendant that *Blanche* had not performed his agreement, and required the defendant to perform his guaranty; that *Blanche* was, and still is, living, and that no proceedings had been had under the judgment, subsequent to the agreement.

*Blanche* paid the costs of suit on the 26th of *July*, 1808, and the sheriff shortly after returned the execution *nulla bona*. There was no evidence of any communications between the plaintiffs and defendant, except what appeared from the execution of the agreement.

A verdict was taken for the plaintiffs, subject to the opinion of the court on a case containing the facts above stated. It was agreed that if the court should be of opinion that the evidence was properly admitted, the verdict was to stand; that if any evidence had been improperly admitted, without which the plaintiffs could not have been entitled to a verdict, a new trial was to be granted; and if the court should be of opinion that the plaintiffs were not entitled to recover at all, a judgment of nonsuit was to be entered.

*Baldwin*, for the plaintiff, relied on the case of *Leonard* v. *Vredenburgh*, (8 *Johns. Rep.* 29.) as conclusive. He contended that here were concurrent acts. It was all one transaction, and the consideration in the original agreement embraced the guaranty of the defendant. The consideration on the part of *Blanche* was sufficient. The execution was returned *nulla bona*, and

there was also a forbearance for six months. There was then a valid and binding agreement on the part of *Blanche*, and that, according to the opinion of the court in *Leonard* v. *Vredenburgh*, was sufficient to bind the defendant.

*Slosson*, contra, insisted, that the defendant was not bound by this agreement. He admitted that a sufficient consideration was stated in the plaintiffs' declaration, but the paper produced did not support the declaration. The defendant could never bring an action on this memorandum against the plaintiffs. It did not contain a single stipulation on their part. There was no mutuality in the agreement. It is a contract on one side only. It is not under seal, nor is it signed by the plaintiffs. The defendant could not hold the plaintiffs responsible on this writing; neither could *Blanche* be made liable. If *Blanche* was not bound by the original agreement, the defendant clearly could not be held responsible on his guaranty.

Parol proof was not admissible to supply the defect of a consideration. Every fact which it would have been necessary, before the statute of frauds, to prove by parol, in order to sustain the action, must now be shown to be in writing.

PLATT, J. delivered the opinion of the court. The guaranty on the part of the defendant in this case, was an *original collateral* agreement; and not a promise to pay a *previously subsisting debt* of *Blanche*.

It was part of an entire contract consisting of the agreement signed by *Blanche*, and the guaranty signed by the defendant. The credit was originally given to the defendant as surety; and it was therefore unnecessary to show a separate consideration for the promise of the defendant. The principal contract and guaranty were simultaneous, and the consideration of the *former* supports the *latter*. *Leonard* v. *Vredenburgh*, (8 *Johns. Rep.* 29.) *Hunt* v. *Adams*, (5 *Mass. Rep.* 358.)

I think there is a sufficient "note or memorandum" of the whole agreement, including the consideration, stated in the written agreement to which the guaranty refers; but if no consideration had been expressed in the written agreement, it might be shown by parol proof, because it is only necessary here to prove a consideration for the principal agreement. In the case of *Wain* v. *Warlters*, (5 *East*, 10.) it was held that the considera-

tion as well as the promise must be in writing, in order to charge one man with the debt of another. But that was upon a promise to pay an independent previously existing debt of another person, and is plainly distinguishable from this case.

New trial refused.