WYMAN *vs.* GRAY.—June, 1826.

In an action of *assumpsit* by W, as the endorsee of a promissory note, against G, the maker, it appeared that G was the president of an incorporated manufacturing company; that the payees of the note sold merchandise to the company, and sent it, with a bill of parcels, to the company, in which they charged them as their debtors, and that G afterwards sent the payees the note sued upon, for the amount signed by him, with the addition to his signature of the words *"Prest."* &c. which note was endorsed, after it fell due, to W, the plaintiff—*Held,* that W was not necessarily entitled to recover. That if the payees of the note, in selling to the company, gave credit to them by which the debt became theirs, and not to G, the defendant, his note, given in consideration of such debt, was but a promise to pay the debt of another, and void for the want of a sufficient consideration.

The statute of frauds which requires an agreement to pay the debt, &c. of another, to be in writing, was not intended to make good, agreements, though in writing, which would not be good at the common law, a consideration therefore is necessary to their validity.

And to support an agreement of this kind under the statute, a good consideration must not only exist, but it must appear in the agreement itself, and cannot be supplied by parol.

An agent may so contract as to bind himself personally; and in this case the payees of the note might, with a knowledge that G was the agent of the company, when they sold the merchandise in question, have refused to give them credit for it, and elected to deliver it on the individual credit of G; and if he had, under such circumstances, agreed to bind himself personally, it would have been an agreement for a sufficient consideration.

In an action upon a promissory note, by the payee, or by a holder to whom it is endorsed after it becomes due, it is always competent to the defendant to prove, either a want or a failure of consideration, the holder in such a case standing in the place of the payee, and being subject to all the equity of the maker, and parol evidence is admissible for this purpose.

If the fact had been that G was a stockholder of the company, his individual agreement to pay a debt of theirs would be void for the want of consideration; because his liability, as a member, would be a liability only in his corporate capacity, and binding only to the extent of his corporate funds.

Whether the credit on the sale of the merchandise was originally given by the payees of the note to the company, or to G individually, and whether the note was passed on account of that transaction or not, were *Held* to be questions of fact for the jury, to be decided upon all the evidence.

APPEAL from *Baltimore* County Court. *Assumpsit* on a promissory note, brought by the endorsee against the maker.

The declaration contained a count on the note, and the usual money counts. The general issue was pleaded.

1. At the trial the plaintiff, (the appellant,) gave in evidence the following promissory note: "*Baltimore*, 11th Feb. 1819. $661 50. Six months after date, I promise to pay to the order of *Bicknell & Boies*, six hundred and sixty-one $\frac{50}{100}$ dollars, for value received.

    *Edward Gray*, Pre'st. *Pataps'o Man'g. Co.*"
(Endorsed,) "Pay the within note to *Samuel Wyman*.
    *Bicknell & Boies.*"

And proved the signature of *Gray*, the defendant in this cause; and that *Daniel D. Bicknell* and *Jeremiah S. H. Boies* were, at the time of making said note, and for a long time after, partners in trade, under the name, style and firm of *Bicknell & Boies*, and that after the note became due, they endorsed and delivered it to the plaintiff for a full and valuable consideration. The defendant then offered evidence to prove, that before and at the time, and after the making of the note, he was the President of the *Patapsco Manufacturing Company*, and that on the eleventh day of February 1819, *Bicknell & Boies* sold and delivered a quantity of goods to the said company, and sent them with the following bill of parcels: "*Baltimore*, 11th February, 1819. The *Patapsco Manufacturing Co. Edward Gray*, Agent, bou't. of *Bicknell & Boies*, 11 bales cotton, 2450 lb. a 27 cts. $661 50—6 months." And that in a few days afterwards, *Gray* sent to *Bicknell & Boies*, the note in question; and that when said goods were sold, *Bicknell & Boies* knew that *Gray* was president of said company. He also offered to prove, that at the time of making said note, the said company was in good credit, and able to buy goods on their own credit, and that he *Gray* was not in good credit. And further offered in evidence the charter of incorporation of said company, and the following bye-laws, which constituted the president as their agent, &c. To which evidence the plaintiff, by his counsel excepted, as tending to vary by parol a written contract. But the Court, [*Archer*, Ch. J. and *Hanson*, A. J.] being divided in opinion, they refused to sustain the objection; and the evidence went to the jury. The plaintiff excepted.

2. The plaintiff then prayed the court, upon the whole evidence, to instruct the jury, that the plaintiff was entitled to recover; which instruction, the court, being divided in opinion, refused to give. The plaintiff excepted.

3. The defendant then prayed the court, to instruct the jury—1st. If the jury shall believe from the evidence that the said note was given by *Edward Gray*, as agent for said company, and not on his own private account, and that it was endorsed by the payees after it became due to the plaintiff, that they must find a verdict for the defendant. 2d. If the jury should believe from the evidence, that no consideration was received by *Edward Gray* for said note, although a consideration was given therefor, to the *Patapsco Manufacturing Company*, and that said note was endorsed to the plaintiff, by the payees, after it became due, that they must find a verdict for the defendant. Both of which instructions, the court, being divided in opinion, refused to give. The defendant excepted.

4. The plaintiff offered in evidence the note herein before stated, with the endorsement thereon; and proved the handwriting of the drawer and endorsers to be the proper handwriting of *Edward Gray* and *Bicknell* and *Boies* respectively. To the admission of which, as legal evidence in the cause, the defendant objected; but the court overruled the objection, and admitted the note in evidence to the jury. The defendant excepted. The verdict and judgment being for the defendant, the plaintiff appealed to this court.

The cause was argued, upon the plaintiff's bills of exceptions, before Buchanan, Ch. J. and Earle, and Dorsey, J.

*Meredith*, for the Appellant, contended, 1. That the appellee was personally liable upon the face of the note. 2. That the parol proof was inadmissible. 3. That upon the whole evidence in the cause, the appellee was personally responsible.

1. On the legal construction of the note itself, the appellee is personally responsible. The words "I promise to pay," import an individual engagement. *March vs. Ward, Peake's N. P.* 130. *Clark vs Blackstock, Holt's N. P.* 474. *Hall vs. Smith*, 1 *Barn. & Cres.* 407, *(8 Serg. & Lowb.* 112.) This

absolute individual promise is not affected by the addition to the signature; and although the appellee was agent or president of the company, he might make himself personally liable. *Appleton vs. Binks*, 5 *East*, 148.   *Taft vs. Brewster*, 9 *Johns. Rep.* 334.  *Duvall vs. Craig*, 2 *Wheat.* 46.   These were cases of sealed instruments, but their construction is the same as parol agreements. 2 *Gall. Rep.* 461.  1 *Ryan & Moody's Rep.* 229.   *Thomas vs. Bishop*, 2 *Stra.* 955.   *Burrel vs. Jones*, 3 *Barn. & Ald.* 47, (*5 Serg. & Lowb.* 223.)  *Thatcher vs. Dinsmore*, 5 *Mass. Rep.* 299.  *Forster vs. Fuller*, 6 *Mass. Rep.* 58. *Chitty on Bills*, 36, (7th *Ed.* 1821, note 1.)

2. The parol proof was inadmissible.  3 *Starkie's Evid.* 995, for the general rule.  It was inadmissible to show the character in which the party contracted, to be different from that expressed in the written instrument.   *Frontin vs. Small*, 2 *Ld. Raym.* 1418.  S. C. 1 *Salk.* 96.  *Wilkes vs. Pack*, 2 *East*, 142.  *Preston vs. Merceau*, 2 *W. Blk.* 1249.  *Meres vs. Ansell*, 3 *Wils.* 275.  So it is inadmissible to show the extent or legal operation of a writing, or to control it.  *Carter vs. Bellamy, Kirby's Rep.* 291.   The rule is as applicable to bills and notes as to other written instruments.  *Free vs. Hawkins*, 1 *Moore*, 535.   2 *Stark. Evid.* 279.   *Kaimes vs. Knightly*, *Skin.* 54. *Leadbitter vs. Farrow*, 5 *Maule & Selw.* 347.  *Dukes vs. Dow, Chitty on Bills*, 62, (*note.*)   *Thomas vs. Bishop*, 2 *Stra.* 955.   *Siffkin vs. Walker*, 2 *Campb.* 308.    *Murray vs. Somerville, Ib.* 99.   *Hoare vs. Graham*, 3 *Campb.* 57. *Moller vs. Living* 4 *Taunt.* 102.   *Campbell vs. Hodgson*, 1 *Gow*, 74.  *Rawson vs. Walker*, 1 *Stark. N. P. Rep.* 361.

3. If the instrument imports personal liability, knowledge of the agency makes no difference.  *Leadbitter vs. Farrow*, 5 *Maule & Selw.* 345.   *Mayhew vs. Prince*, 11 *Mass. Rep.* 54.   *Paterson vs. Gandasequi*, 15 *East*, 67.

4. The corporation is not liable.  Act of Ass. 1815. ch. 140, s. 1.   If an agent undertake to contract for an individual or corporation, and contract in a manner that is not legally binding on the principal, he is personally responsible.  *Mott vs. Hicks*, 1 *Cowen*, 536.  *Mayhew vs. Prince*, 11 *Mass. Rep.* 55.  *Taft vs. Brewster*, 9 *Johns. Rep.* 334.  So if he act without authority, or exceed his authority.  *Harrison vs. Jack-*

*son,* 7 *T. R.* 206. *Dusenbury vs. Ellis,* 3 *Johns. Cas.* 70. *White vs. Skinner,* 13 *Johns. Rep.* 307 *Randall vs. Vanvichten,* 19 *Johns. Rep.* 60. *Tippets vs. Walker,* 4 *Mass. Rep.* 595. *Paley on Agency,* 303. 2 *Liv. on Agency,* 355. *Leadbitter vs. Farrow,* 5 *Maule & Selw.* 345.

*Raymond,* for the Appellee, cited 1 *Com. Cont.* 10, and *Rathbon vs. Budlong,* 15 *Johns. Rep.* 1.

*Meredith,* in reply, cited *Castling vs. Aubert,* 2 *East,* 325. *Rob. on Frauds,* 229. *Stephens vs. Squire,* 5 *Mod.* 205 *Paterson vs. Gandasequi,* 15 *East,* 66. *Patapsco Insurance Company vs. Smith,* 6 *Harr. & Johns.* 166; and *Leonard v. Vredenburgh,* 8 *Johns. Rep.* 29.

BUCHANAN, Ch. J. delivered the opinion of the Court. This case comes up on two bills of exceptions. The first count in the declaration is on a promissory note, given by the appellee to *Bicknell* and *Boies,* and endorsed by them to the appellant, with other counts for money lent, &c. money had and received, and an *insimul computassent.*

The appellant at the trial produced and proved the due execution and endorsement of the note on which the action is founded, and that it was endorsed to him by *Bicknell* and *Boies,* after it became due, and there rested his case.

The appellant then offered evidence to prove, that before, at the time, and after the making of the promissory note, he was the president of the *Patapsco Manufacturing Company;* that on the eleventh day of February 1819, (the day on which the note purports to bear date,) *Bicknell* and *Boies* sold and delivered a quantity of goods to the said company, on a credit of six months, amounting to £661 50, (the exact amount of the note,) and sent them with a bill of parcels, headed—"*The Patapsco Manufacturing Company, Edward Grey* Agent, bought of *Bicknell* and *Boies.*" That a few days afterwards he sent to *Bicknell* and *Boies* the note in question; that when the goods were sold, they knew he was the president of that company; that at the time of making the note, the company was in good credit, and able to buy goods on their own credit, and that he was not in good credit; and also further offered in

evidence, the charter of incorporation, and bye-laws of the company, (which bye-laws are not in the record.) The whole of which evidence was objected to by the counsel for the appellant, as tending to vary a written contract; but the court being divided in opinion, the objection was not sustained, and the evidence was suffered to go to the jury; which forms the subject of the *first* bill of exceptions.

The counsel for the appellant, then prayed the court to instruct the jury, that the appellant was entitled to recover; but the court being again divided, the instruction prayed for was not given; which forms the subject of the *second* bill of exceptions.

These bills of exceptions involve a twofold inquiry—1st. Whether the evidence offered on the part of the appellee was admissible for any purpose? And 2d. Whether, being admitted, the court ought to have instructed the jury, under the circumstances of the case, that the appellant was entitled to recover? which will be briefly examined.

The note, in the body of it, purports to be the individual note of the appellee. The promissory part of it is in these words—"Six months after date I promise to pay to the order of *Bicknell* and *Boies,* six hundred and sixty-one dollars and fifty cents, for value received." And it is signed by the appellee in his own name, with the addition of the words "*President Patapsco Manufacturing Company.*"

There is no doubt an agent may so contract, as to render himself personally responsible, but he may also so deal as to guard himself against liability; and if in this case the note were to be considered as not creating a personal responsibility, but as imposing the whole liability upon the *Patapsco Manufacturing Company,* it would follow, that the action could not be sustained. But it is asserted to be the personal undertaking of the appellee, as apparent upon the face of it, and not subject to be explained or varied by extrinsic evidence, so as in any manner to change its character, or divert the legal operation of it from the maker to his principal. Considered in that aspect, and treating it as the individual note of the appellee, (the ground on which the appellant seeks to place it,) there could be no

question of his right to recover, if the case rested solely on that ground.

But it is essential to the validity of every parol contract or agreement, whether verbal or written, that it be founded upon a sufficient consideration, otherwise it is considered in law as *nudum pactum*, and cannot be enforced.

And this rule applies as well to a promissory note in the hands of the payee, or endorsee claiming by endorsement after it became due, as to any other simple contract.

And although a promissory note, which purports to have been made for value received, carries upon its face *prima facie* evidence of consideration; yet in a suit by the payee, or holder, to whom it was endorsed after it became due, it is always competent to the defendant to prove either a want or a failure of consideration, the endorsee in such case standing in the predicament of the payee, and holding it subject to all the equity of the maker.

Testimony, therefore, on the part of the appellee, was clearly admissible for the purpose of showing on what account the note in question was given, in order to prove the absence of a sufficient consideration; or what, in such a case, would become of the well known principle, that all parol contracts or agreements without consideration are void.

There are indeed exceptions to the rule in favour of holders of promissory notes and bills of exchange, which have come into their hands in a due course of negotiation, arising out of the peculiar character of these instruments, but which do not apply to this case, the appellant claiming by endorsement after the note became due. And if it was given for a previously existing debt of the *Patapsco Manufacturing Company*, the establishment of that fact would be a full defence to the action, in the absence of any other consideration, for the purpose of proving which, the evidence offered was properly permitted to go to the jury.

*Bicknell* and *Boies* might, with a perfect knowledge that the appellee was acting as the president of the *Patapsco Manufacturing Company* at the time the goods were sold, have refused to give credit to that company, and elected to deliver them on the individual credit of the appellee alone; and it was quite

competent to the appellee to have substituted his own responsibility for that of the company; and if that was the character of the transaction, and the note was given at the time, or being so liable, the appellee afterwards passed his note on that account, it was a good and sufficient consideration.

But if the credit was originally given to the company, and not to the appellee, by which it became the immediate debt of the company, and the note was afterwards given in consideration of that debt, without any new or superadded consideration, moving between *Bicknell* and *Boies,* and the appellee, then it was a promise to pay the debt of another, and void for want of a sufficient consideration, the statute of frauds requiring an agreement to answer for the debt, &c. of another, to be in writing; not intending, or having the effect to make any agreements good, though in writing, which at the common law would be bad, but leaving them to be judged of by the common law, as all other agreements merely in writing are. And there is not only no evidence in the record of any consideration moving to the appellee, but none *de hors* the note, if offered, could properly have been received, the consideration forming a constituent part of every agreement, and the statute requiring the agreement to be in writing, meaning not a part only, but the whole of the agreement.

The case of *Wain and another vs. Warlters,* 5 *East,* 10, which was elaborately discussed by the judges, is full to this effect. It was an action brought upon an instrument of writing in these words: "Messrs. *Wain* & *Co.* I will engage to pay you by half past four this day, fifty-six pounds and expenses on bill, that amount on *Hall.*" Signed, *John Warlters.* The declaration avers, that it was given in consideration of forbearance to sue one *Gore* and *Hall* for that amount due him on a bill of exchange; and at the trial the plaintiff offered parol evidence to prove the consideration of forbearance. But it was held, that for the want of the consideration appearing on the face of the instrument, it stood as a simple agreement to pay the debt of another without consideration, and was therefore *nudum pactum,* and void, and the plaintiff was *nonsuited;* and upon a motion for a rule to set aside the nonsuit, it was determined

that the consideration ought to have been stated in the agreement, and could not be supplied by parol.

The suggestion, that if this note was in fact given for a debt due by the *Patapsco Manufacturing Company,* the appellee being the president of that company, it was given for his own debt, and therefore good, cannot be sustained.

The appellee, if liable at all for that debt, as president of that institution, was liable, not in his natural and individual, but in his corporate capacity alone, and that only to the extent of his corporate funds. But the charter of incorporation does not require that the president shall be a stockholder; and there is no evidence that the appellee was a stockholder at the time of this transaction. If, therefore, it was originally the debt of that institution, he was not answerable for that debt, or any part of it, in any capacity, from any thing appearing in this record.

In this case, however, whether the credit was originally given to the *Patapsco Manufacturing Company.* or to the appellee individually, and whether the note was in truth passed on account of that transaction or not, were questions of fact, proper to be decided by the jury, upon the whole of the evidence in the cause, and not by the court. The court, therefore, did right in not instructing the jury that the appellant was entitled to recover.

JUDGMENT AFFIRMED.