Oakley, J.
This case comes before the Court on a demurrer by the defendant to the plaintiff’s evidence. The declaration sets forth, that the defendant, in consideration that the plaintiff, at his request, would sell to one Scovell a quantity of goods, promised the plaintiff to guaranty the payment of certain notes, made by the said Scovell to him. The notes are particularly set forth, and the plaintiff then avers, that he sold and delivered the goods to Scovell; that one of the notes had become due, and had not been paid : and that the defendant has refused to pay the same, or to guaranty the payment of it. The plea was non-assumpsit.
On the trial, the plaintiff offered in evidence, an instrument in writing, signed by the defendant, dated Dec. 5th, 1827.
This paper, after reciting that Scovell had that day passed to the plaintiff his three promissory notes, sets forth copies of the same, by which it appears that they severally bore date on the said 5th of December, and were expressed to be given for value received. The instrument then contains the following stipulation: “ Now, “ in pursuance of the understanding and agreement between the said “ John Wheelwright and the said Noah Scovell, I do hereby gua- “ ranty the just and full payment of the said notes, to the said “ John Wheelwright, or his order, and should any default of “ payment thereof be made by the said Scovell, I bind myself “ for the full amount of such default.”
*207 The plaintiff also produced the first of the said notes, showing the same to be due and unpaid. To this evidence, the defendant demurred, and the question is, whether the evidence supports the cause of action as set forth in the declaration.
The rale appears to be, that upon a demurrer to evidence, any fact which a jury could infer from it, is admitted. [Corksedge v. Fanshaw, Doug. 119.] Applying this rule to the present case, I think it might fairly be inferred, from the written instrument given in evidence by the plaintiff, that the guaranty of the defendant was a part of the original contract, on which the notes of Scovell were made. The guaranty is stated to be given in pursuance of the agreement between the plaintiff and Scovell, and although the recital in the instrument speaks of the notes of Scovell as having been already passed to the plaintiff, this language is not inconsistent with the idea that the making of the notes, and the giving of the guaranty, were, in substance, a simultaneous act, and both done in pursuance of the same understanding or agreement.
If this be the correct view of the transaction, it seems to follow, that the promise of the defendant, in the present case, was a part of the original contract between the plaintiff and Scovell, and may be supported by the same consideration. The law upon this subject was particularly considered by the S. C. in Leonard v. Vredenburgh, (8 John. 29.) The guarantee of the defendant in that case was very similar to the present. It was there written on the original note. That circumstance seems to me to be of no importance, any further than it may be evidence of the fact, that it was a simultaneous act with the making of the note. It contained no other consideration than that expressed in the note, which was for value received. The plaintiff, on the trial, offered to show, by parol proof, what was the origin of the contract, and that the making of the note, and the giving of the guaranty, constituted one entire transaction.
The Comí, in considering the case, say, that there are three classes of cases on this subject: one of which is, where “ the “ guaranty is collateral, but is made at the same time with the *208 “ principal contract, and is an essential ground of the credit given to the principal debtor.” In such a case, there need not be any ot^er c0nsj¿eratjOn, than that moving between the creditor and .the original debtor; and it was expressly held, that the consideration imputed by the words “ value received,” contained in the note, applied to the guaranty, the whole being one entire contract. It was also expressly held, that “ if there was no consi- “ deration, other than the original transaction, the plaintiff ought “ to have been permitted to show that fact by parol proof.” And it was likewise held, that “if there was any doubt upon the face “ of the paper, whether the note and the guaranty were concur- “ rent acts, and one and the same transaction, parol proof was ad- “ missible to show that fact.”
The case of Leonard v. Vredenburgh is a leading one on the subject, and has always given the rule, in this state, for the decision of like cases; [Bailey v. Freeman, 11 J. 221.] and the doctrine of it has been considered, by the Supreme Court of the United States [D‘Wolf v. Raubaud, 1 Peters, 501.] as reasonable, and founded in good sense.
The present case, as far as it regards the sufficiency of the written memorandum of the agreement, to charge the defendant, falls, ofmy judgment, clearly within the principle laid down by the Supreme Court in Leonard v. Vredenburg; and if the transaction should appear, in evidence, to be as set forth in the declaration, I should think that the defendant would be bound by his contract of guaranty, though it might be considered, that no sufficient consideration was expressed in it; and that parol proof might be given, to show the original contract between the plaintiff and Scovell, and to connect the contract of guaranty with it, as constituting an entire agreement.
It is contended, however, by the defendant, that if the written memorandum, in this case, is sufficient to charge the defendant, it does not prove the particular contract set forth in the declaration ; and that the plaintiff must fail in this action on the ground of the variance.
The rule on this subject is, that in every action on a special agreement, the declaration must set forth a sufficient considera *209 íion; [4 John. Rep. 283.] and it is well settled, that any material • variance m the proof of the consideration, is fatal to the plain- . tiff’s recovery. Every contract must be proved as laid,
In the present case, the consideration alleged, is the sale and delivery of goods by the plaintiff to Scovell. There is no proof of any such consideration, unless it is to be inferred from the words “ value received,” contained in the copies of the notes set forth, in the defendant’s agreement. I think such an inference would he altogether too loose and uncertain. It was competent for the plaintiff to have sustained the declaration set up by him, by parol evidence; and not having done so, he has failed to support his action as laid in his declaration, and cannot recover on the evidence as it now stands. When there is a demurrer to evidence, which is certain, as in the case of documentary proof, the practice is for the court to give final judgment, as on a special verdict; but where there is no certainty in the statement of facts proved, the court may award a venire de novo. [1 Arch. Prac. 185, 6. 2 H. B. 209.] In the present instance it is evident, that the whole merits of the plaintiff’s case have not been disclosed ; and I think, that it is competent for us, in the exercise of our discretion, to send the cause to another trial. The purposes of justice would not be subserved by giving a peremptory judgment on this record.
Venire de novo awarded.
[H. & E Wilkes, Att'ys for the plff. Edward Anthon, Att'y for the def't.