Oakley J.
When this cause was formerly before us on a demurrer to the plaintiff’s evidence, we considered, that the case was defective, in not showing the consideration for the defendant’s prom *149 ise, which the declaration alleged. The guaranty of the defendant was alone, in proof. That guaranty was written under copies of the notes made by Scovell, which purported to be for value received, and although we considered that a sufficient consideration to support the guaranty, yet it did not accord with the consideration set up by the declaration, which was the sale of goods by the plaintiff to Scovell at the defendant’s request: and we held, on the authority of the case of Leonard v. Vredenburgh, [8 J. R. 29.] that parol proof was admissible to show, that the actual consideration of the'defendant’s promise, was the sale of goods to Scovell at his request.
In the case, as it now presents itself, it is sufficiently proved, that previous to the giving of the notes by Scovell, he applied to the plaintiff to purchase the goods in question, and offered the defendant as his surety; th at the plaintiff agreed to sell the goods upon the guaranty of the defendant for the payment; that the notes of Scovell were signed by him ; and the agent of the plaintiff about three hours after they were so signed, called with them on the defendant; that copies of the notes were made, and the guaranty of the defendant written under the said copies. The goods sold were partly delivered to Scovell on the day preceding the date of the notes ; and the guaranty is stated to have been made in pursuance of the agreement and understanding between the plaintiff and Scovell.
The facts in this case show with sufficient clearness, that the promise of the defendant to guaranty the payment of the notes was a part of the original negotiation between the plaintiffs and Scovell; that the defendant must have understood the nature of that negotiation, and that the plaintiff had agreed to part .with the property, on the security of his guaranty. ' The sale and guaranty, therefore, in the language of C. J. Kent, in Leonard v. Vredenburgh, were all one original and entire transaction, and the sale and delivery of the goods to Scovell supported the promise of the defendant as well as the promise of Scovell. The case seems to fall directly within the principles of Leonard v. Vredenburgh, and of Nelson v. Dubois, [13 J. R. 175.] which latter case is very similar, in all respects, to the present. The case of Bailey & Bo *150 gert v. Freeman, [11 J. R. 221] is also in point, and is also similar to the present.
The interval of time which elapsed between the signing of the notes and of the guaranty, does not destroy the entirety of the transaction. Both acts were done in pursuance of the original agreements, and the one must necessarily have preceded the other. The contract made with Scovell was not past and completed, until the guaranty was given by the defendants. In Bailey fy Bogert v. Freeman, the guaranty was signed at a different time and place from the original agreement. There is no foundation for the objection to the form of the declaration. It is strictly according to the facts of the case, and agrees in all respects with the declaration in the case of Nelson v. Bubois. The plaintiff is entitled to judgment.

Judgment for the plaintiff, on the case made.

[H. & E. Wilkes, attys. for the plff. E. Anthon, atty. for the deft.]