ALDRIDGE & HIGDON *vs.* TURNER—*December,* 1829.

The endorsement of T, on the promisory note of E payable to A, as follows: "I hereby guarantee the ultimate payment of the within note," is void for want of consideration ; and under the plea of *non assumpsit* to a declaration founded upon that guaranty, the objection to the want of consideration may be taken.

APPEAL from *Saint Mary's* County Court. This was an action of assumpsit, brought on the 19th of February, 1825. There was but one count in the declaration, which stated "That whereas one *Charles C. Egerton, jun.* before the making of the promise and undertaking herein after mentioned, to wit, on the 21st day of April, in the year 1820, at the town of *Baltimore,* in *Baltimore* county in the State of *Maryland,* to wit, at the county aforesaid, made and signed his certain note in writing, commonly called a promissory note, bearing date the day and year aforesaid; and thereby six months after date of the said note, promised to pay to the said *Andrew Aldridge* and *Benjamin D. Higdon,* by the name of *Aldridge* and *Higdon,* or order, for $695 40 for value received, by him the said *Charles C. Egerton, jun.* and then and there delivered the said note to the said

*Benjamin D.* and *Andrew,* whereby, and by reason of which said promise, and by force of the statute in such case made and provided, the said *Charles C. Egerton, jun.* became liable to pay to the said *Andrew* and *Benjamin D.,* the said sum of money mentioned in the said note, according to the tenor and effect of the said note, and thereupon afterwards, to wit, at the county aforesaid, in consideration of the premises and to secure the payment of the said sum of money, in the said note mentioned, to the said *Andrew* and *Benjamin D.,* he, the " said *Josiah Turner,* upon himself assumed, and to the said *Andrew* and *Benjamin D.,* then and there promised to guarantee the payment of the sum of money mentioned in the note herein before stated; by signing with his own proper hand writing on the back of the said note, the following obligation: 'I hereby guarantee the *ultimate* payment of the within note. *Josiah Turner.*' And the said *Andrew* and *Benjamin D.* aver, that the said *Charles C. Egerton, jun.* hath not paid to them the said sum of money, in the said note mentioned, or any part thereof, at any time whatever, but therein hath wholly failed and made default, and is not able to pay; of all which said premises, the said *Josiah Turner* afterwards had notice at the county aforesaid, and by reason whereof, and according to the said guarantee and undertaking of the said *Josiah,* in form aforesaid made, he, the said *Josiah,* became liable to pay to them, the said *Andrew* and *Benjamin D.,* the said sum of money, in the said note mentioned, when he should be thereunto requested, and being so liable, he, the said *Josiah,* in consideration thereof," &c.

The defendant pleaded *non assumpsit* and *non assumpsit infra tres annos.* General replication to the last plea, and issues joined.

At the trial of this cause, the plaintiff gave in evidence to the jury, the note of *Charles C. Egerton, jun.* to the plaintiffs', and the defendants' assumption thereon, as follows. "*Baltimore, April 21st,* 1820. $685 40. Six months after date, I promise to pay to *Aldridge & Higdon,* or order, six hundred and eighty-five dollars and forty cents, for value received.—*Charles C. Egerton, jun.*" On the back of the aforegoing note were the fol-

lowing endorsements, to wit: "I hereby guarantee the ulti-mate payment of the within note. *Josiah Turner.*" " 1821, *November* 7. Received *J. Turner & Co's* note, at sixty days, for $106 50." And proved the signatures of said *Egerton* and *Josiah Turner* thereon ; they also gave in evidence, the judg-ment of *Aldridge* and *Higdon* against *Charles C. Egerton, jun.*, obtained in March, 1824, on this note, and the proceedings thereon, two writs of *fieri facias*, returned *nulla bona.*

The plaintiffs also read in evidence, a conveyance from *Charles C. Egerton, jun.* to *Josiah Turner* and *Edward Maddox*, dated the 6th of February, 1824, reciting that the said *Egerton* was indebted to *Josiah* and *Philip Turner*, on two notes dated, &c., and that they had become security for said *Egerton*, in certain enumerated notes, " and in divers other cases, not at this time to be accurately enumerated and set forth ; also, that the said *Maddox* had become security for the said *Egerton* &c. whereby, in consideration of the premises, and of the sum of five dollars," the said *Egerton* conveyed to the said *Turner* and *Maddox*, sundry negro slaves, goods and chattels, &c. in trust for the said *Turner* and *Maddox*, to sell and dispose of the said negroes, goods and chattels, &c. and apply the proceeds to the discharge of the debts due as before mentioned, and to indemni-fy them against suretyships, &c. the said conveyance was duly acknowledged and recorded according to law. Whereupon, the defendant prayed the court to instruct the jury, that the plaintiffs were not entitled to recover ; because no liability at-tached to the defendant in this cause, by the assumption endors-ed on the aforesaid note, there being no consideration mention-ed in said assumption; which instruction the court gave. The plaintiffs excepted; and the verdict and judgment being against them, they appealed to this court.

The cause was argued before Buchanan, Ch. J., Earle and Dorsey J.

*Stonestreet* for the appellants, contended that the defect in the plaintiffs cause of action should have been taken advan-tage of by demurrer.

*A. C. Magruder*, for the appellee.

BUCHANAN, Ch. J. delivered the opinion of the Court.

We do not perceive any error in the opinion of the court below, and the instruction given at the trial to the jury, that the plaintiffs were not entitled to recover.

The guaranty by *Turner*, written upon the back of the promissory note, given by *Egerton* to the plaintiffs, of the ultimate payment of the amount, appearing to be wholly without consideration, was clearly *nudum pactum* and void; and the plea of *non assumpsit* which was filed by the defendant to the declaration founded upon that guaranty, properly let in the objection of the want of consideration.

JUDGMENT AFFIRMED.