Nabb *vs.* Koontz.

( Decided Oct. 3rd, 1861.)

---

# Henry W. Nabb *vs.* George S. Koontz.

Upon a promissory note for $175, executed by a *feme covert*, payable to the order of the plaintiff, "for *value received*," the defendant, at the *same time* the note was executed and delivered to the plaintiff, wrote and signed this guaranty: "I hereby guarantee the payment of the above note *on maturity*." HELD, that the defendant was liable on this guaranty.

Nabb *vs.* Koontz.

It is well settled, in England and in this State, that the *consideration* for a promise or agreement to pay the debt of another, must be *expressed in* or gathered from the writing of guaranty.

But this rule does not apply where the written promise of the principal debtor sets forth or imports a consideration, and the undertaking of the guarantor refers to the original indebtedness, and is made and delivered to the creditor at the *same time.*

Contracts by married women and infants are sometimes accompanied by security, for the very reason that such persons are not liable on their agreements, and the engagements of sureties or guarantors of such contracts may be enforced.

APPEAL from the Circuit Court for Howard county.

*Action,* brought on the 9th of October 1857, by the appellee against the appellant. The declaration, besides the common counts for goods sold, money lent, paid and received, has a special count charging that a certain Elizabeth D. Nabb, on the 11th of March 1857, by her promissory note, now over due, did, for a valuable consideration, promise to pay to the plaintiff, six months after date, $175, and that, at the *same time* and for the *same valuable consideration,* and in order to obtain the said valuable consideration from the plaintiff for the said Elizabeth W. Nabb, the said defendant promised the plaintiff to pay him the sum of $175, at the maturity of said note, in case the same was not then paid by the said Elizabeth D. Nabb, but the said Elizabeth did not pay and has not paid the same, and the said defendant has not paid the same, although demand has been made upon him by the plaintiff. The defendant pleaded that he did not owe the plaintiff the said sum of money, as alleged.

*Exception.* At the trial, the plaintiff offered in evidence the following note and guaranty:—"$175. March 11th, 1857. Six months after date, I promise to pay George S. Koontz, or order, one hundred and seventy-five dollars, for value received." (Signed,) "Elizabeth D. Nabb."—"I hereby guarantee the payment of the above note of Elizabeth D. Nabb, on maturity." (Signed,) "Henry W. Nabb."—The testimony taken on both sides sufficiently appears from the opinion of this court. The defendant asked the court to instruct the jury as follows:

1st. If the jury find, from the evidence, that the note of Elizabeth D. Nabb, read in evidence, was given in consideration of a waiver by the plaintiff of his claim to a horse, which the plaintiff pretended to claim, and fraudulently represented to said Elizabeth D. Nabb to be his property, and if they further find that a certain James Cassidy, being a creditor of George W. Nabb, the husband of the said Elizabeth D. Nabb, afterwards, by legal process, attached and caused to be sold said horse, as the property of the said George W. Nabb, so that the consideration of said note failed, then the plaintiff cannot recover, provided the jury find that said plaintiff had previously to the execution of the note in question, and to the making of said claim and representations, sold and delivered said horse to the said George W. Nabb.

2nd. That the plaintiff is not entitled to recover, because the written guaranty of the defendant, offered in evidence, does not set forth or express any consideration on which the same was made.

3rd. If the jury find that Elizabeth D. Nabb, the maker of the promissory note read in evidence, was, at the execution thereof, a married woman, then the plaintiff cannot recover on the guaranty of the defendant, because the same is without consideration.

4th. Even if the jury shall find that the consideration upon which the said note and guaranty are founded, did not fail, yet, if the jury shall also believe, from the whole evidence, that the credit for such consideration, if any, was not given to the defendant alone, but was given to Mrs. Nabb primarily, and to the defendant upon her default of payment, then the plaintiff is not entitled to recover, because there is no consideration expressed in said written guaranty.

The court (BREWER, J.) granted the first prayer, but rejected the others, and to this rejection the defendant excepted, and, the verdict and judgment being against him, appealed.

The cause was argued before TUCK, BARTOL and GOLDSBOROUGH, J.

*Chas. E. Phelps,* for the appellant:

1st. The guaranty declared on, being a promise to answer the debt of another, is within the statute of frauds, and not only fails to embrace within its terms the *agreement,* as required by the statute, but wholly omits to state the *consideration* of the appellant's promise, which is an essential part of the *agreement.* The guaranty is, therefore, *nudum pactum* and void, as a mere engagement to pay the debt of another, without consideration. 5 *East.,* 10, *Wain vs. Warlters.* 7 *H. & J.,* 409, *Wyman vs. Gray. Ibid.,* 457, *Elliott vs. Giese.* 1 *G. & J.,* 427, *Aldridge & Higdon vs. Turner.* The last cited decision is relied on as conclusive in favor of the appellant in this case.

2nd. The note of Mrs. Nabb, being the contract of a *feme covert,* was *void* in law, and the guaranty of the appellant, being founded thereon, is equally void. *Ex nudo pacto non oritur actio.* 1 *Bl. Comm.,* 444.

*Thos. Donaldson,* for the appellee:

1st. Even if the note was not binding on Mrs. Nabb's separate property, the guaranty of the appellant was an original undertaking on his part, the consideration of which was the assignment and surrender, by the appellee to Mrs. Nabb, of the note of George W. Nabb. It was equivalent to the appellant's saying to the appellee: "Even if Mrs. Nabb's signature is good for nothing, because she is a married woman, I am absolutely bound for the amount."

2nd. It was not necessary to express a consideration in the guaranty, which, in this case, was an *original,* not a *collateral,* undertaking. Being given *cotemporaneously* with the note itself, and in pursuance of a previous contract, which made the guaranty an essential part of the whole instrument, without which it was not to be received, the consideration of the *promissory note* supports the guaranty. The appellant guaranteed the payment of the note *on maturity.* The language used shows that the credit was not given "to Mrs. Nabb primarily, and to the defendant upon her default of payment," but to each absolutely.

Nabb *vs.* Koontz.

In support of these positions, see *Story on Prom. Notes, secs. 459, et seq.;* 8 *Johns.,* 29, *Leonard vs. Vredenburg;* 11 *Johns.,* 220, *Bailey vs. Freeman;* 13 *Johns.,* 175, *Nelson vs. Dubois;* 1 *Pet.,* 476, *De Wolf vs. Rabaud;* 2 *Pet.,* 170, *Townsley vs. Sumrall;* 3 *Hill,* 584, *Manrow vs. Durham;* 2 *Comst.,* 533, *Durham vs. Manrow;* 36 *New Hamp.,* 73, 74, *Simons vs. Steele.*

TUCK, J., delivered the opinion of this court.

There is no question, on this appeal, arising from the supposed failure of consideration for Mrs. Nabb's note to Koontz. The court, by granting the first prayer of the defendant, submitted that inquiry to the jury, who found the issue against him.

The second and fourth prayers present, substantially, one ground of defence, to wit: whether there was such a consideration in writing for the defendant's undertaking to pay his mother's note, as gratifies the statute of frauds?

It is well settled in England and in Maryland, and most of the States, though a different construction has been adopted in others, that the consideration for a promise or agreement to pay the debt of another, must be expressed in, or gathered from, the writing. *Wyman vs. Gray,* 7 *H. & J.,* 409. *Elliott vs. Giese, Ibid.,* 457.

The appellee's counsel, conceding this position, insists, that where the written promise of the principal debtor sets forth or imports a consideration, and the undertaking of the grantor refers to the original indebtedness, and is made and delivered to the creditor at the same time, this objection does not apply. As there is evidence of the matters relied on to support this view of the case, the decision must depend on the legal soundness of the distinction here taken.

Elementary works of the highest character assert, in the plainest terms, the doctrine now advanced on the part of the appellee, and we have examined all the cases referred to by them, to which access could be had, to ascertain how far it has been sanctioned by jurists, whose decisions have been received with great consideration, if not accepted as authority, by the courts of this State.

In 1 *Parsons on Cont.*, 496, it is said: "The rule of law is this, if the original debt or obligation is already incurred or undertaken, previous to the collateral undertaking, then there must be a new and distinct consideration to sustain the guaranty. But if the original debt or obligation be founded upon a good consideration, and at the time when it is incurred or undertaken, or before that time, the guaranty is given and received, and enters into the inducement for giving credit or supplying goods, then the consideration for which the original debt is incurred, is regarded as a consideration, also, for the guaranty." See, to the same effect, *Smith's Merc. Law*, 447, *note*, and cases cited, (*Ed. of* 1847;) also, *Chitty on Cont.*, 448, *note*, (*Ed. of* 1855.) *Story on Prom. Notes, secs.* 458, 459. 2 *Robinson's Pr.*, 285. Many cases are referred to in support of this position, from which we select the following.

In *Leonard vs. Vredenburg*, 8 *Johns.*, 23, it was proved, that one Johnson applied to the plaintiff for credit, which was refused, unless security could be offered. Upon which he made his promissory note, for value received, on which the defendant wrote and signed, "I guaranty the above," and the same being presented to the plaintiff he delivered the goods. Kent, Ch. J., said, "The promise (of the defendant) was made at the time of the original negotiation between the plaintiff and Johnson. It was incorporated with that contract, and became an essential branch of it. The whole was one single bargain, and the want of consideration, as between the plaintiff and defendant, cannot be alleged. If there was a consideration for the entire agreement, (and Johnson's note purporting to be given for value received, was evidence of it,) that consideration was the aliment for the defendant's promise."

In *Manrow vs. Durham*, 3 *Hill*, 584, Nelson, Ch. J., said, "Where the guaranty and note are cotemporaneous, you may resort to the note to sustain the consideration of the guaranty." And Bronson, J., in the same case, "Where, at the time a note is made, and as part of the same transaction, a third person endorses an absolute guaranty upon the

note, he will be liable in some form for the payment of the money Both instruments taken together make but one contract, and the consideration which upholds the one will support the other." See, also, *Bailey vs. Freeman*, 11 *Johns.*, 221. *Nelson vs. Dubois*, 13 *Johns.*, 175. *Wheelwright vs. Moore*, 1 *Hall*, 201, 648, and 2 *Hall*, 143. There are several other cases in New York affirming the principle. And so in 20 *Maine*, 28, *Huntress vs. Patten.* 29 *Maine*, 79, *Gillighan vs. Boardman. How vs. Kemball*, 2 *McLean*, 110. 14 *Ill.*, 237, *Klein vs. Cussier.*

The same law prevails in Massachusetts. In *Bickford vs. Gibbs*, 8 *Cush.*, 154, where the defendants had signed the following on a promissory note: "We guaranty the payment of the within, waiving demand and notice;" Shaw, Ch. J., said, "The exception is also taken, that as the guaranty was a contract, collateral to the note, a distinct consideration should be proved. There would be force in this objection had the guaranty been made after the note was made and delivered, and received as a complete contract. But where the guaranty is made on the note, before its delivery by the maker to the promisee, it must be deemed to be done for the benefit of the maker, and to add to the strength of the note, and to induce the promisee to take it, and advance his money on it, and no other consideration is necessary than the credit thus given to the maker." In the case of *Oxford Bank vs. Haynes*, 8 *Pick.*, 423, where the words, "I guaranty the payment of the within note," were written on the note, signed and delivered to the bank before the same was discounted, Parker, Ch. J., had held that the defendant made himself liable as guarantor, though the *laches* of the holder had discharged him. See, also, *Nelson vs. Boynton*, 3 *Metcalf*, 396.

The decisions in Pennsylvania differ from those cited, in this, that there the party charged is regarded as a joint maker and not as guarantor, but it is upon the ground that the consideration for the note supports the promise sued on, as fully as if the party had signed the note. *Amsbaugh vs. Gearhart*, 1 *Jones*, 482. *Campbell vs. Knapp*, 15 *Penn. State Rep.*, 29. *Snevily vs. Johnston*, 1 *Watts & Sergt.*, 307. The last is

37    v.17

Nabb *vs.* Koontz.

a case of collateral undertaking, and was decided expressly on the principle now under consideration.

This branch of the law was very fully presented in argument, and considered by the Supreme Court in *De Wolf vs. Rabaud*, 1 *Peters*, 476, where the statute of frauds was relied upon, and the main question arose on the charge of Mr. Justice Thompson, as to the effect of the undertaking of the defendant, if found by the jury to have been entered into at the time of the original agreement between the plaintiff and another person. The opinion was delivered by Mr. Justice Story, affirming the defendant's liability, and the case is referred to in his work on *Prom. Notes*, sec. 459, in support of the proposition that, "if the original contract and the guaranty are cotemporaneous, no other consideration need be shown than that which belongs to, or is found in, the original contract." See, also, *Caballero vs. Slater*, 25 *Eng. Law & Eq. Rep.*, 285.

But it is insisted on the part of the appellant, that the case of *Aldridge, et al., vs. Turner*, 1 *G. & J.*, 427, is directly in point, and must govern the present decision. The cases are substantially the same, as far as the written evidence goes; but there is this difference, that in the one cited it did not appear at what time the guaranty was written on the note, and the pleadings indicate that it was done after the note had been made and delivered to the plaintiffs, whereas here the evidence shows, that the defendant's undertaking was written on a note importing a consideration (7 *H. & J.*, 415) as part of the transaction, between the original parties, and accompanied the liability of Mrs. Nabb to the plaintiff, which brings the case within the principle established by the decisions to which reference has been made. If the facts in *Aldridge vs. Turner* had warranted the attempt, we do not suppose the proof of such an important and controlling circumstance would have been omitted. The point does not appear to have been urged by counsel or noticed by the court, and we infer that there was no ground for such an answer to the defence under the statute of frauds. The case, as presented by the record, was decided in accordance with the

construction of the statute previously adopted in this State, and is not disturbed by this decision.

The third prayer sought to defeat the action because Mrs. Nabb was a married woman, and not liable on her note. The point was not pressed by the appellant's counsel, and, we think, according to the adjudged cases, was properly ruled below. Contracts by married women and infants are sometimes accompanied by security, for the very reason, that such persons are not liable on their agreements. We have not found one case where a surety or guarantor has been discharged from his obligation on this ground, though there are decisions to the contrary, and we may consider it as well established that such engagements may be enforced. 13 *Johns.*, 175. 1 *Parsons on Cont.*, 493, 494. *Chitty on Cont.*, 415, *note.* *Conn vs. Coburn*, 7 *New Hamp.*, 368. *Maggs vs. Ames*, 4 *Bing.*, 470.

*Judgment affirmed.*

