JOSEPH HUTTON *vs.* WILLIAM A. PADGETT and WILLIAM W. PADGETT.

CONTRACT,—CONSTRUCTION OF; GUARANTY: CONSIDERATION: STATUTE OF FRAUDS. W. A. P. and another sued J. H. on the following guaranty: "I hold myself responsible to W. A. & W. W. Padgett of Baltimore, Md., to the amount of $2,000, for any drafts they have accepted, or may hereafter accept, for John Latouche, now of Alexandria, Va."—HELD:

1st. That the Maryland Courts have in a number of cases affirmed the well settled law of England, that to bind a party upon a collateral promise to answer for the debt or default of another, it is necessary, under the Statute of Frauds, that the consideration, as well as the promise, should appear from the writing.

2nd. That it is not necessary, however, that the consideration should be stated in express terms; it is sufficient if it may be collected or implied with certainty from the instrument itself.

3rd. That the plain meaning of the contract in this case is, that in consideration that the plaintiffs will accept for Latouche, the defendant, will be responsible to them for the payment of subsequent acceptances to the amount of $2,000. This is a good legal consideration and gratifies the statute.

APPEAL from the Circuit Court for Charles county.

This was an action upon a guaranty brought by the appellees against the appellant. The facts of the case are stated in the opinion of this Court.

The cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH, COCHRAN and WEISEL, J.

*F. Stone* and *W. H. Tuck* for the appellant, argued:

1st. That the paper in question does not show a sufficient consideration to bind the defendant. The consideration, as well as the promise, must appear on the instrument. *Nabb vs. Koontz,* 17 *Md. Rep.,* 283. *Wyman vs. Gray,* 7 *H. & J.,* 409. *Elliott vs. Giese,* 7 *H. & J.,* 457.

2nd. That the defendant was entitled to notice from the plaintiffs of their acceptance of the guaranty, and that they had given credit on the faith of it; and, also, to notice that Latouche had failed to meet his engagements with the plaintiffs. *Norton vs. Eastman,* 4 *Greenlf.,* 521. *Seaver*

*vs. Bradley,* 6 *Id.,* 60. *Tuckerman vs. French, Id.,* 115. *Wildes vs. Savage,* 1 *Story's C. C. R.,* 22. *Russell vs. Clark,* 7 *Cranch,* 69. *Edmonston vs. Drake,* 5 *Peters,* 624. *Douglas vs. Reynolds,* 7 *Peters,* 113. *Lee vs. Dick,* 10 *Peters,* 482. *Adams vs. Jones,* 12 *Peters,* 207. *Reynolds vs. Douglas,* 12 *Peters,* 497. *Kitchloe vs. Holmes,* 7 *B. Monroe,* 5. *Mussey vs. Reyner,* 22 *Pick.,* 223. *Clark vs. Remington,* 11 *Metcalf,* 365. *Caton vs. Shaw,* 2 *H. & G.,* 13.

*Peter W. Crain* for the appellees.

In this case the appellees' counsel submits but one point and that is, that the appellant, by his obligation, made himself directly responsible for drafts drawn in favor of Latouche, after the 16th day of May, 1860, on the appellees, for he says, "I hereby hold myself responsible to W. A. & W. W. Padgett to the amount of two thousand dollars, for any drafts they have accepted or may hereafter accept for John Latouche of Alexandria." It is admitted in the bill of exceptions, that all the drafts drawn by Latouche or the appellees, and paid by them, were subsequent to 16th of May, 1860, the day on which Hutton signed the obligation.

It is not a collateral obligation, but an original undertaking on the part of Hutton to pay the drafts drawn by Latouche on the appellees, to the amount of two thousand dollars.

The ground of objection, on the part of the appellant's counsel, and as stated in his exceptions, is that there was no sufficient consideration mentioned in the obligation.

There was no necessity for Hutton to mention any consideration, it was a direct and not a conditional undertaking to be responsible to the appellees for any drafts drawn by Latouch as paid by them, limiting the amount to two thousand dollars. As the Court of Appeals have frequent-

ly decided the principle, I deem it unnecessary to submit an argument on the obligation, and will refer the Court to *Caton vs. Shaw & Tiffany*, 2 *H. & G.*, 13.. 4 *Gill*, 111. 17 *Md. Rep.*, 283.

BARTOL, J., delivered the opinion of this Court.

This suit was instituted by the appellees, upon the following guaranty :

"I hereby hold myself responsible to W. A. & W. W. Padgett, of Baltimore, Maryland, to the amount of $2,000, for any drafts they have accepted, or may hereafter accept, for John Latouche, now of Alexandria, Va."

"Witness my hand this 16th of May, 1860.

"JOS. HUTTON."

At the trial below, the plaintiffs, after proving the signature of Jos. Hutton to be that of the defendant, further proved that *subsequent to the date of the paper*, they accepted and paid drafts of said Latouche, drawn on them, to the amount of $2,000, and then rested.

Whereupon the defendant, by his counsel, prayed the Court to instruct the jury : "That upon all the foregoing evidence the plaintiffs were not entitled to recover, because no liability attached to the defendant by the instrument of writing or guaranty aforesaid, there being no sufficient consideration mentioned in said instrument of guaranty."

The Circuit Court refused to give this instruction to the jury ; and the defendant excepted. The only question before us, therefore, on this appeal, arises upon the defendant's prayer.

In the argument in this Court the appellant's counsel have presented two points :

1st. That the consideration of the guaranty does not sufficiently appear on the instrument to bind the defendant.

2nd. That the defendant was entitled to notice of the acceptance of the guaranty, and, also, of the amount of

acceptances for Latouche, and of his failure to meet his engagements.

In support of this last position, several authorities have been cited ; but it is unnecessary for us to examine them, because we are not at liberty "to decide any point or question which does not appear by the record to have been raised or made in, and decided by, the Court below." *Code, Art.* 5, sec. 12.

This being a guaranty, and not a mere overture or offer to guarantee, it is settled by the case of *Caton vs. Shaw & Tiffany,* 2 *H. & G.,* 14, that no notice of its acceptance was necessary.

No question, however, of notice is raised by the prayer ; it presents but one proposition, which is that the guaranty is not binding, because the consideration does not appear on the face of the instrument. And in reviewing the ruling of the Circuit Court, we must confine ourselves to the consideration of that proposition only.

Ever since the case of *Wain vs. Walters,* 5 *East.,* 10, the law has been well settled in England, that to bind a party upon a collateral promise to answer for the debt or default of another, it is necessary, under the Statute of Frauds, that the consideration, as well as the promise, should appear from the writing.

The same principle has been affirmed in Maryland in a number of cases. See *Wyman vs. Gray,* 7 *H. & J.,* 409. *Elliott vs. Giese, Id.,* 457. *Nabb vs. Koontz,* 17 *Md. Rep.,* 283.

It is not necessary, however, that the consideration should be stated in express terms, it is sufficient if it may be collected or implied with certainty from the instrument itself. *Nabb vs. Koontz,* 17 *Md. Rep.,* 283. See *Stapp vs. Sill,* 1 *Camp.,* 242. (*S. C.,* 9 *East.,* 348.) *Newbury vs. Armstrong,* 6 *Bing.,* 201, (19 *E. C. L. Rep.,*) 55. *Raikes vs. Todd,* 8 *Adol. & El.,* 846, (35 *Eng. C. L. Rep.,* 552.)

In the case last cited, the guaranty was almost identical with the one here sued on, and while it was decided not to be binding as to advances previously made, the whole Court held, that in respect to future advances, the liability was clear ; this last proposition was not even disputed in the pleadings, the amount of advances made subsequent to the guaranty being voluntarily paid into Court.

The reasoning upon which these cases depend, seems to us to be entirely satisfactory. If the consideration can be clearly inferred or gathered from the writing, the statute is gratified.

There is no doubt or difficulty as to the consideration of the guaranty before us, so far as the subsequent acceptances are concerned.

The plain meaning of the contract is, that in consideration that the plaintiffs will accept for Latouche, the defendant will be responsible to them for the payment of such acceptances to the amount of $2000.

This is a good legal consideration and the statute is gratified. The rule of law governing a case like this, is well expressed by PARSONS in his work on Contracts, Vol. 1, 496, cited in *Nabb vs. Koontz,* 17 *Md. Rep.,* 288.

In 2 *Robinson's Prac.,* 285, it is correctly said, "that it is not necessary there should be a consideration directly between the persons giving and receiving a guaranty. It is sufficient if thereby the party for whom the guarantor becomes a surety receives a benefit, or the party to whom a guaranty is given suffers a loss."

This Court being of opinion that there was no error in rejecting the prayer of the defendant below, the judgment will be affirmed.

*Judgment affirmed.*