# COURT OF COMMON PLEAS OF BALTIMORE CITY.

Filed November 21, 1922.

IMPERIAL GLASS COMPANY
VS.
HENRY S. DULANEY, ET AL.

*Victor I. Cook* and *J. S. Cook* for plaintiff.

*Vernon Cook* and *Edwin J. Farber* for defendants.

DUFFY, J.—

This is a suit on a guaranty. The primary contract and the guaranty are written on the same piece of paper, bearing date December 9, 1916. The suit is brought under the speedy judgment act, the contract and guaranty and account showing amount of plaintiff's claim are filed with the declaration and become a part of the pleadings by Act of 1914, Chap. 378.

The defendants "guarantee the payment of any or all bills falling due under the above contract. Said payment to be made by us in case the Cloverdale Spring Company fails to pay at maturity."

The declaration after a substantially sufficient averment of the primary contract, recites: "Under which contract there has become and is now due to

the plaintiff the sum of $4,720.14, payment of which has been demanded from the defendants, but defendants did not pay the same."

In declaring upon a written instrument it is not necessary to set out its very words, but it may be pleaded according to its legal effect and only its obligatory parts need be stated. Rich vs. Boyce, 39 Md. 325; Poe on Pleading, sec. 566.

For these reasons I think the declaration in this case proper in form. See 77 Md. 164, Heyman vs. Dooley; see record of this case for form of declaration.

The declaration, however, is demurrable for failing to state with certainty the consideration. Poe on Pleading, sec. 564; Abbott's Trial Briefs, 332.

It should contain an averment that the goods furnished to the Cloverdale Spring Company were so furnished on the faith of the guaranty, or some equivalent averment. Nabb vs. Koontz, 17 Md. 288; Heyman vs. Dooley, 77 Md. 171.

Demurrer sustained; leave to amend within fifteen (15) days.

The amended declaration will not be under the Speedy Judgment Act and will therefore receive no benefit from the proviso of the Act of 1914, Chap. 378. The amended declaration must, therefore, be drawn with that degree of certainty usually required in contract cases.