HERMAN D. ORDEMAN *vs.* JOHN H. LAWSON and WILLIAM P. N. LAWSON, trading as J. H. LAWSON & BRO.

*Written Guaranty—Section 4, of the Statute of Frauds in respect to Agreements to answer for the Debt or default of another — Consideration — Parol proof — Description in a written Guaranty of a note Endorsed by certain persons, not gratified by a Note signed by the same persons as Makers— Jurisdiction in Equity to correct a Mistake in a Guaranty— Parol proof may be availed of in a Court of Equity to prove the Mistake, but not in an Action at law—Collateral undertaking—Question of Liability under a Guaranty of a note in case the Makers did not pay, when there was no sufficient evidence of inability to collect the note from some one of the Makers.*

A written guaranty in the following words: "April 19th, 1875. We guarantee the payment of a note indorsed by G. W. D., W. M. D., J. T. D., the

amount being five hundred dollars, date of note April 19th, 1875," is within the fourth section of the *Statute of Frauds*, and void for want of a sufficient consideration appearing on its face.

In order to bind a party upon a collateral promise to answer for the debt or default of another, it is necessary that the *consideration* as well as the *promise* should appear from the writing.

It is not necessary, however, that the consideration should be stated in express terms, but it is sufficient if it may be collected or implied with certainty from the instrument itself.

Where a third party writes upon a promissory note at the same time that the note itself is executed and delivered to the payee, a guaranty in these terms: "I hereby guarantee the *within* or *above* note," "or I hereby guarantee the payment of the *within* or *above* note," and signs it, thus making but one contract, in such case the consideration which upholds the note will support the guaranty and the latter will be good.

And if no date be affixed to such guaranty, so as to leave it uncertain whether it may not have been written *after* the note was executed and delivered, and received as a complete contract by itself, parol proof may be admitted to show *identity of time*, that is to say, that the guaranty was written and signed at the time of the execution and delivery of the note.

If a guaranty containing no express consideration be a distinct instrument written upon a separate piece of paper, its reference to the note intended to be guaranteed must be so clear as to identify it *with certainty* before the consideration of the one can be taken to support the other.

In such case though parol proof may perhaps be admitted to establish identity of time, where the instrument of guaranty is without date, yet it can never be resorted to for the purpose of identifying the note by supplying defects in, or removing doubts arising upon, the reference contained in the guaranty itself.

The Court upon reading the instrument must be able to say that there is no ground for any doubt respecting its reference to the note alleged to be guaranteed; and if this cannot be done, the case against the guarantor fails.

The plaintiff sued on an alleged guaranty of a note signed by G. W. and I. for $500, dated April 19th, 1875, and payable to the plaintiff or order twelve months after date. The guaranty sued on was a distinct instrument, written upon a separate piece of paper and not indorsed or written upon the note to which it was said to refer. It bore date the 19th day of April, 1875, and referred to a note of the same date and for the same amount as the note produced, but did not say it was a note at twelve months payable

Ordeman *vs.* Lawson & Bro.

to the plaintiff or order, nor was it even addressed to the plaintiff. The note it described was a note "*indorsed*" by G. W. and I. and the note produced was a note of which G. W. and I. were the *makers*.   HELD:

1st  That the description in a written guaranty of a note indorsed by certain named individuals is not gratified by a note which the same parties have signed as makers

2nd.  That the intention to refer to such a note cannot be established in a Court of law in an action upon the guaranty, by *parol proof* of facts and circumstances from which a jury might find such intention.

3rd.  That if it was the actual intention of the defendants to guarantee said note that intention was not expressed in the guaranty, and resort must be had to a Court of equity to correct the mistake and reform the instrument.

4th.  That the parol testimony may be available in a Court of equity to prove the mistake, but in an action at law the Court must read and construe the paper as it stands.

5th.  That this was to be regarded as a collateral and not an original undertaking.

In an action on a contract of guaranty whereby the defendants engaged to pay a certain note only in case the plaintiff could not *collect it from its makers*, it was HELD:

That the Court below was clearly right under the evidence in instructing the jury that there could be no recovery unless they found the plaintiff could not have collected the note from either of the makers of the note, and that there was no sufficient evidence in the cause, from which they could find he could not have collected it from some one of such makers.

APPEAL from the Circuit Court for Frederick County.

The appellant sued the appellees on a written guaranty. The declaration stated that, " George W. Davis, William M. Davis and Isaac T. Davis, on the nineteenth day of April, in the year eighteen hundred and seventy-five, by their promissory note now over due, promised to pay to the plaintiff the sum of five hundred dollars, with interest from date, twelve months after date ; and that at the same time and as part thereof, and for the same valuable consideration, and in order to obtain the said valuable consideration from the plaintiff for the said George W. Davis,

William M. Davis and Isaac T. Davis, the said defendants
made and delivered a guarantee in writing, of said promis-
sory note to the said plaintiff, in words and figures follow-
ing, to wit: 'April 19th, 1875.—We guarantee the pay-
ment of a note endorsed by George W. Davis, Wm. M.
Davis, I. T. Davis, the amount being five hundred dollars ;
date of note April 19th, 1875,' and signed the same with
the name of said firm, viz., J. H. Lawson & Bro.''

"And the plaintiff avers, that the said defendants pro-
mised him, the said plaintiff, to pay him the amount of
said promissory note, to wit: the sum of five hundred dol-
lars, with interest from the date thereof, at the maturity
of said promissory note, in case the same was not paid by
the said George W. Davis, William M. Davis and Isaac
T. Davis.   And the plaintiff further avers, that said pro-
missory note has not been paid by the said George W.
Davis, William M. Davis and Isaac T. Davis, or by either
of them ; and that the said defendants have not paid said
promissory note, according to their promises and under-
takings, and the same still remains due and unpaid ; where-
fore the plaintiff brings this suit, and claims one thousand
dollars.''

To this declaration the defendants demurred, and the
demurrer being sustained by the Court the plaintiff filed
additional counts, two, three and four to the declaration,
and subsequently filed the following additional count:

"5. And the said plaintiff sues the said defendants, for
money payable by the defendants to the plaintiff, for money
lent by the plaintiff to George W. Davis, Isaac T. Davis
and William M. Davis ; and which said money the defend-
ants did expressly agree to pay the same to the said plain-
tiff, in case the George W. Davis, Wm. M. Davis and
Isaac T. Davis did not pay the same.   And the said plain-
tiff avers and charges, that the said George W. Davis, Wm.
M. Davis and Isaac T. Davis have failed to pay the same,
and the said defendants have not paid the same, and there-

fore plaintiff brings this suit and claims one thousand dollars.''

Pleas were filed and issues joined.

*First Exception.*—The plaintiff at the trial proved that the defendants, John H. Lawson and William P. N. Lawson, were partners, trading as J. H. Lawson & Bro.; and further proved by plaintiff that George W. Davis asked the plaintiff to loan him $500; that thereupon Davis brought plaintiff a note, signed by George W. Davis, Wm. M. Davis and Isaac T. Davis, for $500, and a guarantee in writing of said note by J. H. Lawson & Bro., that when said note fell due, the plaintiff called on said George W. Davis for payment, but said Davis said he was unable to pay said note, but would renew the same; that on the 19th day of April, 1875, said George W. Davis brought to plaintiff a note signed by George W. Davis, Wm. M. Davis and Isaac T. Davis, for $500, and the paper signed by J. H. Lawson & Bro —said papers being wrapped together and delivered at the same time by George W. Davis; that upon the delivery of said renewal note and guarantee, plaintiff delivered to said George W. Davis said original note and guarantee. And further proved by said plaintiff that said note has never been paid by the said Davises, or either of them.

The plaintiff thereupon proved the signatures of George W. Davis, William M. Davis and Isaac T. Davis, and offered in evidence the following note:

$500.00.                              APRIL 19th, 1875.

Twelve months after date, we, or either of us, promise to pay H. D. Ordeman, or order, the sum of five hundred dollars, for value received, with interest from date.

GEORGE W. DAVIS,
WM. M. DAVIS,
ISAAC T. DAVIS.

The plaintiff thereupon offered the following guarantee of J. H. Lawson & Bro., in evidence, the signature to the same being admitted :

April 19th, 1875 —We guarantee the payment of a note endorsed by George W. Davis, Wm. M. Davis, I. T. Davis, the amount being five hundred dollars ; date of note April 19th, 1875.

J. H. LAWSON & BRO.

Whereupon the defendants objected to said paper-writing being offered in evidence, and the Court, (LYNCH, J.) sustained the objection. The plaintiff excepted.

*Second Exception.*—The plaintiff then asked the witness the following question :

"Was there any other note dated 19th day of April, 1875, made by George W. Davis, Wm. M. Davis and Isaac T. Davis, amount of note being five hundred dollars, payable to plaintiff?"

The plaintiff offering to follow it up with testimony showing it was the intention of the defendants, by said paper-writing, to guarantee this identical note and none other. The defendants objected to the admissibility of the evidence, and the Court, (LYNCH and BOUIC, J.) sustained the objection, and refused to permit the question to be put to and answered by the witness. The plaintiff excepted.

*Third Exception.*—The plaintiff further proved by George W. Davis, who testified that in the year 1874, he had a business transaction with the plaintiff; that he, witness, had collected for plaintiff the sum of two hundred and fifty dollars, and called on plaintiff to pay it to him ; in conversation with plaintiff, told him I would like to borrow the money if he could let me have five hundred dollars ; the plaintiff said he would let me have it, if I would give him good security ; that then he, witness, wrote the note dated April 19th, 1874, signed it, and ob-

tained the signatures of his brothers, Isaac T. and Wm. M. Davis ; (note here shown witness, who identified it and proved signatures ;) that he then took said note to the plaintiff, but the plaintiff was not satisfied with the securities on the note and refused to let witness have the money, unless he would get other security ; that witness then went to see the Messrs. Lawsons, and asked them to go as security upon the note, but they refused to go security on the note, said they would not go security on any note, but said they would guarantee the said note ; that then one of the Messrs. Lawsons wrote and signed the guarantee, dated April 19th, 1874, (paper here shown witness, who identified paper,) and that signature was of J. H. Lawson & Bro.; that witness then took the note and the guarantee, wrapped or folded them together, went to plaintiff and gave him the note and guarantee, and plaintiff gave to witness $250 in cash, which, together with the money witness had in his possession belonging to plaintiff, made $500, the consideration of the note.   That when note of April 19th, 1874, became due, plaintiff notified the witness that he required payment of said note ; that witness informed plaintiff that he was unable to pay the money, but would renew the said note ; that plaintiff told witness that if he would renew said note and pay the interest, he might have the money as he did not want it ; that witness wrote the note dated April 19th, 1875, and obtained the signatures of his brothers to it, (note here shewn witness, who testified that note was in his handwriting, and that the signatures of Wm. M. and Isaac T. Davis, is in their handwriting ;) that he then went to the Messrs. Lawsons and asked them to go security on said note, but they refused, and said they would not go security on any note, but said they would guarantee said note ; that he then showed the note to them, and Mr. Wm. P. N. Lawson taking the names, dates and amount of note from the note, wrote the paper guaranteeing said

note, and signed it, and gave said paper to witness. (Paper here shown witness, who identified said paper-writing.) That witness then took the note and the guarantee, folded them together, went to plaintiff, and gave said note and guarantee to said plaintiff; that plaintiff then delivered to witness the note and guarantee, dated April 19th, 1874, and that witness cancelled said note and guarantee by making the pen marks across the names of the makers thereof; witness further testified that said note has not been paid. Plaintiff then offered in evidence to the jury the note and guarantee dated April 19th, 1874:.

$500.00.         April 19th, 1874.

Twelve months after date, we, or either of us, promise to pay H. D. Ordeman, or order, the sum of five hundred dollars, for value received, with interest from date.

George W. Davis,
Isaac T. Davis,
William M. Davis.
(Pen marks across the above three names.)

April 19th, 1874.

Capt. H. D. Ordeman,

Let George W. Davis, Wm. M. Davis and I. T. Davis have five hundred dollars, by them given their note dated April 19th, 1874. We will pay it provided you can't collect it off of them.

'J. H. Lawson & Bro.
(Pen marks across the above name.)

Witness on cross-examination, testified that the note and guarantee were delivered up to him by Capt. Ordeman at the time of the delivery of the second note and guarantee, and that the same has been in his possession ever since, till January 1st, 1878.

The defendants, then proved by the plaintiff that Davis had in his possession $250 belonging to plaintiff, which he had collected sometime prior to April 19th, 1874—how long witness cannot say ; that at the time of the execution of the note and guarantee, he paid witness $250 in cash, which, with the money Davis had, made the five hundred dollars loaned him.

The plaintiff then offered the following prayer :

That under the pleadings and evidence, if the jury shall find that the plaintiff on the 19th day of April, 1874, loaned George W. Davis, Wm. M. Davis and Isaac T. Davis, the sum of five hundred dollars, and that on said day the said George W. Davis, Wm. M. Davis and Isaac T. Davis gave their promissory note given in evidence ; and at the same time and for the same valuable consideration, the said defendants executed the guarantee dated April 19th, 1874, and offered in evidence, which said note and guarantee were wrapped together and delivered at the same time by the said Davis to the plaintiff ; and if the jury shall further find that on the 19th day of April, 1875, said George W. Davis, Wm. M. Davis and Isaac T. Davis executed their promissory note, payable twelve months after date, for the sum of five hundred dollars, to the said plaintiff ; and on same date the said defendants in the firm name of J. H. Lawson & Bro., executed the paper-writing as follows: " April 19th, 1875.—We guarantee the payment of a note endorsed by George W. Davis, Wm. M. Davis, I. T. Davis, the amount being five hundred dollars. Date of note April 19th, 1875 ;" and that said paper-writing, together with said note wrapped in it, was delivered to the said plaintiff in lieu and substitution of said promissory note and guarantee of April 19th, 1874, who thereupon delivered up said promissory note and guarantee of April 19th, 1874, then that the said papers taken collectively, are evidence of a compact on the part of the defendants to pay to the plaintiff the sum of five hundred

dollars, with interest thereon, in case the said George W. Davis, Wm. M. Davis and Isaac T. Davis failed to pay the same ; and if the jury shall further find that said Davises, or either of them, have failed to pay said sum of money, that then their verdict must be for the plaintiff.

And the defendants offered the four following prayers, viz.,

1. That under the pleadings and all the evidence, there is no legally sufficient evidence from which the jury can find for the plaintiff under the first, second, third and fourth counts of the declaration, because there is no legally sufficient evidence from which they can find such a promise or guarantee as is set forth in said counts.

2. That if the jury shall find from the evidence, that the note offered in evidence, dated April 19th, 1874, was accompanied by the paper-writing of same date, also offered in evidence, and that the plaintiff upon the faith thereof, loaned to Geo. W. Davis, Wm. M. Davis and Isaac T. Davis, the sum of five hundred dollars ; and if they shall further find from the evidence, that the signature, J. H. Lawson & Bro., attached to said alleged guaranty, is in the hand-writing of the defendants, and that John H. Lawson and Wm. P. N. Lawson, are partners, trading under the style of J. H. Lawson & Brother, yet the verdict of the jury must be for the defendants, under the fifth count of the *narr.*, unless the jury shall find from the evidence in the cause, that plaintiff could not collect said note of April 19th, 1874, from the said Geo. W., Wm. M. and Isaac T. Davis or either of them.

3. That if the jury shall find from the evidence that Geo. W., Wm. M. and Isaac T. Davis, executed the note dated April 19th, 1874, and that John H. Lawson and Wm. P. N. Lawson, were partners, on the 19th of April, 1874, and signed in the name of the firm the paper-writing offered in evidence, and dated April 19th, 1874, and that the said note and guaranty were delivered to the plaintiff

Ordeman *vs.* Lawson & Bro.

by said Geo. W. Davis, and that he received the money thereon ; and if they shall further find that said note has not been paid, yet the verdict of the jury must be for the defendants, unless the jury shall further find from the evidence that the plaintiff could not collect said note from said makers or some of them, and that there is no legally sufficient evidence in the cause, from which the jury can find that said plaintiff could not have collected said note from said makers or some one of them.

4. That if the jury shall find from the evidence that prior to the 19th of April, 1874, the witness, Geo. W. Davis had in his possession $250 belonging to the plaintiff, and that plaintiff agreed with him that he might keep the sum, and that he, plaintiff, would lend witness $250 additional, provided witness would procure a note with good security for $500; and shall further find that thereafter the witness procured the signing of the note of April 19th, 1874, and the guaranty of said note, and delivered same to plaintiff, who thereupon gave witness the $250 additional, that then said paper-writing purporting to be a guaranty, is void as to said $250 first mentioned, and the defendants are not liable thereon.

The Court (LYNCH and BOULC, J.,) rejected the prayer of the plaintiff, and the fourth prayer of the defendants, but granted the defendants' first, second and third prayers. The plaintiff excepted to the rejection of his prayer and to the granting of the first, second and third prayers of the defendants. The jury rendered a verdict for the defendants and judgment was entered accordingly. The plaintiff appealed.

The cause was argued before BARTOL, C. J., BOWIE, STEWART, MILLER, ALVEY and ROBINSON, J.

*John K. Cowen* and *Charles W. Ross*, for the appellant.

It is very clearly intimated by Justice STORY in the case of *D' Wolf vs. Rabaud, et al.*, 1 *Peters*, 500, upon a hypothetical statement of facts, exactly similar to the facts stated in this case, that "it would scarcely seem a case of a mere collateral undertaking, but rather, if one might use the phrase, a trilateral contract. The contract of B. to repay the money, is not co-incident with, nor the same contract with C. to do the act. Each is an original promise, though one may be deemed subsidiary to the other." "Each is a direct, original promise, founded upon the same consideration. The credit is not solely given to either, but to both ; not as joint contractors, on the same contract, but as separate contractors upon co-existing contracts, forming parts of the same general transaction."

So in Pennsylvania, the parties to a contract similar to this case, are regarded as joint makers of the note, and an action against them in that character has been sustained. *Arnsbaugh vs. Gearhart*, 1 *Jones*, 482 ; *Campbell vs. Knapp*, 15 *Penn. St.*, 29 ; *Snively vs. Johnston*, 1 *Watts & Seargt.*, 307.

Admitting that the case is one that falls within the provisions of the Statute, the provisions of the Statute have been complied with, and the objections of the appellees are without foundation.

It is the well settled law of this State, that the consideration for the promise in a collateral undertaking, to pay the debt or default of another, must be expressed in or gathered from the writing of guaranty. *Wyman vs. Gray*, 7 *H. & J.*, 409 ; *Hutton vs. Padgett*, 26 *Md.*, 228.

But this rule does not apply where the written promise of the principal debtor sets forth or imports a consideration, and the undertaking of the guarantor refers to the original indebtedness, *and is made and delivered at the same time to the creditor. Nabb vs. Koontz*, 17 *Md.*, 283.

The debt was founded on a good consideration, the original indebtedness was referred to, the *guaranty was given*

*and received at the same time*, and upon the faith of the guaranty the money was loaned, and the note and guaranty formed but one transaction.    And no other consideration need be shown than the consideration expressed in the note itself, because the consideration of the guaranty was founded on the consideration of the note.    *Nabb vs. Koontz*, 17 *Md.*, 283; *Leonard vs. Vredenburgh*, 8 *Johns.*, 29; 1 *Parsons on Contracts*, 495.

This transaction is but one ; both papers were executed on the same day : wrapped or folded together, they were delivered at the same time to the plaintiff. and in the eye of the law are but one, and may be read and construed as such without regard to form.    *Church vs. Brown*, 21 *N. Y.*, 315, 330; 2 *Smith's Leading Cases*, *(7th Ed.,)* 259.

In the case of *Cross vs Norton*, 2 *Atkyns*, 76, Lord Chancellor HARDWICKE said : " But when writings are executed so near together, it is very natural to think that they are all in pursuance of one transaction and agreement between the parties."

In the case of *Hardford vs. Rogers*, 11 *Barbour*, 18, the Court use the following language : " The assignment and guaranty were executed at the same time, and relate to the same subject-matter, and it is well contended that they are therefore to be construed as one instrument."    To same effect, *Cornell vs. Todd*, 2 *Denio*, 133; 2 *Smith's Leading Cases*, 257.

The same principles of law apply to the cases of guaranty, whether by an independent written instrument, or by writing on the note itself, with this difference, that where the guaranty is on a separate instrument, it must contain on its face, *a sufficient reference to the note intended to be guaranteed to identify it and give it certainty.    Story on Prom. Notes, secs.* 463 *and* 464.

If the papers are to be construed as *one instrument,* then the name of the payee in the note is sufficient, and it is

the same as if the guaranty had been written on the note itself.

In the case of *Nabb vs. Koontz,* no payee was named in the guaranty. And in all other cases, it has been held that where the guaranty is written on the note, and the guaranty is "of the within note," it is a sufficient identification.

In this case the note and guaranty *were folded together,* and *delivered in that condition* to the appellant. It was exactly and precisely the same as if they had been attached together.

But admitting that the guaranty was on a separate piece of paper, under the rule all that was necessary was that it should contain a sufficient description of the note to identify it. The date of note, amount of note and makers of note are all specified therein. And it was delivered with the note to the plaintiff. And if no payee, then parol evidence is admissible to show who were the parties to the contract. "It is enough that both have the same design, and that their mutual dependence and connection appear in comparing or reading them together, *with the aid of such extrinsic evidence as may be required to ascertain and identify their subject-matter.*" 2 *Smith's Leading Cases,* 254.

"Parol evidence may be given for the purpose of showing to what the language of a written contract refers, and affording all the light that can be derived from a knowledge of the facts and circumstances, and there is nothing in the language of the Statute of Frauds to exclude the operation of this rule." 2 *Smith's Leading Cases,* 256 ; *Shortrede vs. Cheek,* 1 *A. & E.,* 57.

The Court of Appeals have adopted the same rule as to the admissibility of parol proof. *Whitridge vs. Rider,* 22 *Md.,* 564 ; *Stockham, Garns. vs. Stockham,* 33 *Md.,* 206 *and* 207.

No name was necessary in the guaranty ; the defendants were fully aware for whom the guaranty was intended,

and by delivering the guaranty to the Davises, to be used with the note, they made the witness Davis their agent for that purpose.  *Watson's Ex'rs vs. McLaren,* 19 *Wendell,* 563.

So in *Walton, Assignee of Dodson,* 3 *Car. & P.,* 163, it was held of a guaranty without address to any person, "Such a guaranty will enure to the benefit of those *to whom and for whose use it was delivered.*"  Payee may be indicated by extrinsic proof.  *Watson's Ex'rs vs. McLaren,* 19 *Wend.,* 566 ; *Brown vs. Gilman,* 13 *Mass.,* 158.

Again, parol proof was admissible to show all the surroundings of the contract—the parties thereto and the *subject-matter* of the contract—not to contradict or alter, but to uphold and maintain it.  *Stockham vs. Stockham,* 32 *Md.,* 206, 207.

The case of *Boydell vs. Drummond,* 11 *East,* 142, relied on by the appellees below, does not conflict with the views of the appellant.  In that case, it was decided that parol evidence was inadmissible to connect the subscription book with the prospectus, because neither referred to the other. But in this case the guaranty expressly refers to the note, with the names of the makers, the amount of the note, and the date of the note ; *and was delivered at the same time,* with the note to the plaintiff.

In deciding the case of *Boydell vs. Drummond,* Lord Ellenborough, C. J., says: "I cannot connect the subscription of the plaintiff's name in the book, with the prospectus, nor does the defendant's letter refer to the prospectus produced at the trial.  It speaks indeed of his engagement with the proprietors of the Boydell Shakespeare, but it cannot be shown to be the engagement contained in the particular prospectus without parol evidence, which the Statute excludes.  *If there had been a plain reference to the particular prospectus, that might have helped the plaintiff, but there is nothing of that kind.*"

In the second exception taken at the trial, it was error in the Court to exclude the testimony offered.  The object

was to show what was the subject-matter of the contract between the parties—that there was no other note intended to be guaranteed, than the one offered in evidence, of the date and amount, and the parties thereto. Parol evidence was admissible for that purpose. *Stockham vs. Stockham,* 32 *Md.,* 206.

The intent is the question, and the payee may be indicated by extrinsic proof. *Watson's Ex'rs vs. McLaren,* 19 *Wend.,* 566 ; *Brown vs. Gilman,* 13 *Mass.,* 158.

*James McSherry,* for the appellees.

The guaranty is void under the Statute of Frauds, because there is no consideration expressed upon its face or inferrible from its terms, to support the promise to pay a note endorsed by the Davises.

To support an agreement of this sort a good consideration must not only exist, but must appear on the face of the agreement, and cannot be supplied by parol. *Wyman vs. Gray,* 7 *H. & J.,* 409 ; *Wain vs. Warlters,* 5 *East,* 10.

It is void, because imperfect and incomplete in not specifying to whom it guarantees the payment of the note. A contract required by the Statute of Frauds· to be in writing, cannot be partly in writing, and partly in parol. *Moale vs. Buchanan,* 11 *G. & J.,* 322.

It is void, because it does not designate with sufficient certainty, the note which it purports to guarantee.

The reference in the guaranty to the thing guaranteed must be so clear that there will be no possibility of one paper being substituted for another. 1 *Sugden on Vendors,* 111.

But the appellant seeks to obviate these difficulties by alleging in his *narr.,* (the first count,) that this guaranty was intended to apply to a note *made* by the Davises, and then by offering evidence of certain facts relative to the time, place and manner of the execution of the paper, to furnish the jury the means of inferring that the guaranty

was designed to apply to this particular note, payable to the appellant; and thus by parol to supply the defects of the written instrument.

It is perfectly true that parol testimony may be given to show to what the *language* of a written contract refers; but the proposal of the appellant is to *supply* language which is *wanting* in the contract. But to do this there must be parties to the contract and a subject-matter embraced by it, and these must appear in the contract. Here the offer is not to explain the subject-matter of the guaranty and the party to whom it is payable, but by parol to *supply* both.

The note described in the *narr.* is not the one referred to in the guaranty. The one is a note *made* by the Davises and payable to the appellant; the other is a note *endorsed* by the Davises, but who is the maker, or who is the payee, does not appear.

Now, the objection to the first count of the *narr.* and also to the admissibility of the parol evidence offered is, that whilst the guaranty set out on the face of the record does not in itself, nor by any apt words of reference, show that it relates to the note described in the declaration; but on the contrary is wholly silent as to the identity of the note which it purports to guarantee; nevertheless averments are made in the *narr.* requiring parol evidence to sustain them, and parol evidence is offered for the purpose of connecting the guaranty sued on with the note described—thus supplying the imperfections of the guaranty by parol. The guaranty is then partly in writing and partly in parol. The contract sued on is not a complete contract, whose application is sought to be explained by the aid of extrinsic circumstances, but is imperfect and is sought to be cured by supplying the omitted parts.

A contract of guaranty like every other contract which the Statute of Frauds requires to be in writing must be in all parts reduced to writing; it cannot be valid if any por-

tion of it must, to complete its entirety, be supplied by parol.

To what note does this guaranty apply? "It is elementary law that 'the contract must be stated with reasonable certainty, so that it can be understood from the writing itself without having recourse to parol proof.'" *Frank vs. Miller*, 38 *Md.*, 450.

Apart from parol evidence what is to prevent this guaranty being applied to a note of equal amount and even date payable to some one else other than the appellant? Then the only mode by which it can be made the basis of a recovery in this action is by showing that it does not have relation to any note, but does refer entirely and exclusively to the note described in the *narr*. But this can only be done by parol, because the terms of the guaranty are not of themselves sufficiently certain to establish the identity of the note intended to be guaranteed.

In *Boydell vs. Drummond*, 11 *East*, 142, the Court held "that though the prospectus contained the terms of the agreement, and would be a sufficient memorandum thereof if it could be coupled with the book in which the defendant signed his name; still as it contained no reference to the book, nor the book to it, there was no connection *in sense* between them which would enable the Court to couple them together, and treat them as one document, and that such connection could not be introduced by parol evidence, but must, in order to satisfy the Statute, appear upon the face of the documents themselves."

There is nothing in the mere accident that the note mentioned in the guaranty bears even date, and is for a like amount with the one held by the appellant. This identity of amount and date does not supply sufficient *written evidence*, that the guaranty relates to the note in the possession of the appellant. *Hawes vs. Armstrong*, 1 *Bing. N. C.*, 761, (27 *E. C. L. R.*, 565.)

MILLER, J., delivered the opinion of the Court.

The appellant brought this action of *assumpsit* against the appellees, partners, trading as J. H. Lawson & Bro., mainly upon the following written guaranty: "April 19th, 1875. We guarantee the payment of a note endorsed by George W. Davis, Wm. M. Davis, I. T. Davis, the amount being five hundred dollars; date of note, April 19th, 1875," (signed) "*J. H. Lawson & Bro.*" At the trial, the defendants interposed the objection that the instrument was within the fourth section of the Statute of Frauds, and void for want of a sufficient consideration appearing on its face. To meet this objection, the plaintiff offered in evidence the following promissory note: "April 19th, 1875. Twelve months after date, we, or either of us, promise to pay H. D. Ordeman, or order, the sum of five hundred dollars, for value received, with interest from date," (signed) "*George W. Davis, Wm. M. Davis, Isaac T. Davis,*" and then proposed to prove by George W. Davis, the following facts, *viz.*, that in 1874, he had collected $250 for the plaintiff, and requested the latter to loan him $500, which the plaintiff agreed to do, provided he gave good security; that witness thereupon, on the 19th of April, 1874, wrote a note for that sum, payable to the order of Ordeman, at twelve months, with interest from date, signed it, obtained the signatures of his brothers, William and Isaac thereto, and took it to the plaintiff, who was not satisfied therewith, and refused to let him have the money without other security; that he then went to the Lawsons who refused to go security upon the note, but said they would guarantee the same, and thereupon gave him the following paper: "April 19th, 1874, Capt. H. D. Ordeman, let George W. Davis, Wm. M. Davis and I. T. Davis, have five hundred dollars, by them giving their note, dated April 19th, 1874. We will pay it, provided you can't collect it off of them." (Signed) "*J. H. Lawson & Bro.*," and witness then took the note

and this paper wrapped or folded together, and gave them to the plaintiff, who thereupon gave him $250 in cash, which with the money he had collected and had in his possession, made $500, the consideration of the note; when this note matured, he was unable to pay it, and plaintiff agreed to renew it on payment of interest, and witness then wrote the note dated the 19th of April, 1875, obtained his brothers' signatures to it, and then went to the Lawsons, and asked them to go security on it, which they refused to do, but said they would guarantée it; that he then showed them the note, and one of them took the names, dates and amount from the note itself, and wrote the guaranty of the 19th of April, 1875, signed it, and gave it to witness, who then took the note and guaranty, folded them together, and went to the plaintiff, and gave them to him; that plaintiff then delivered to witness the note and paper of the 19th of April, 1874, (which he has since retained in his possession,) and he cancelled them by making pen-marks across the names of the makers; and that this note has not been paid. The plaintiff also further offered to prove by this witness, that there was no other note dated the 19th of April, 1875, made by these parties for $500, payable to the plaintiff, and proposed to follow this with testimony, showing that it was the intention of the defendants by the instrument of that date, to guarantee this identical note and none other. But the Court rejected all this *parol testimony*, in so far as it related to or affected the note and guaranty of the 19th of April, 1875, refused to allow that guaranty to be offered in evidence, and sustained the defendants' objection to the same under the Statute of Frauds. This was the effect of the Court's action in sustaining the demurrer to the first count of the declaration, in ruling out the testimony in the first and second exceptions, and in rejecting the plaintiff's prayer, and granting the defendants' first prayer.

These rulings present the only question of any import-
ance in the case, and for deciding it, our own decisions
afford ample guidance.   In fact that part of the fourth
section of the Statute of Frauds, which relates to agree-
ments to answer for the debt or default of another has
been so often considered, and its construction and effect so
well settled in this State by the adjudications of the Court
of Appeals, that resort to the decisions of other tribunals
on this vexed subject is wholly unnecessary.   We refer to
the cases of *Wyman vs. Gray,* 7 *H. & J.,* 409 ; *Elliott vs.
Geise, Ibid,* 457 ; *Aldridge vs. Turner,* 1 *G. & J.,* 427 ;
*Moale vs. Buchanan,* 11 *G. & J.,* 314 ; *Nabb vs. Koontz,* 17
*Md.,* 283 ; *Hutton vs. Padgett,* 26 *Md.,* 228 ; *Frank vs.
Miller,* 38 *Md.,* 450, and *Deutsch vs. Bond,* 46 *Md.,* 164.
By these cases it is established, that in order to bind a
party upon a collateral promise to answer for the debt or
default of another, it is necessary that the *consideration* as
well as the *promise* should appear from the writing.   In
this respect the leading English case of *Wain vs. Warlters,*
has been adopted and followed in Maryland.   It is not
necessary however, that the consideration should be stated
in express terms, but it is sufficient if it may be collected
or implied with certainty from the instrument itself.   It
frequently occurs that a guaranty is written upon the in-
strument which it professes to guarantee, as where a third
party writes upon a promissory note at the same time that
the note itself is executed and delivered to the payee, a
guaranty in these terms, " I hereby guarantee the *within*
or *above* note," or "I hereby guarantee payment of the
*within* or *above* note," and signs it, thus making but one
contract, and in such cases the consideration which upholds
the note, will support the guaranty and the latter will be
good.   It is obvious that in cases of this description, the
reference in the guaranty to the note is so plain, that there
can be no mistake or doubt as to what note the guaranty
was intended for.   It may occur, however, that no date

is affixed to the guaranty so as to leave it uncertain whether it may not have been written *after* the note was executed, delivered and received as a complete contract by itself. In that state of case parol proof may be admitted to show *identity of time*, that is to say, that the guaranty was written and signed at the time of the execution and delivery of the note. Again, a guaranty containing no express consideration, may be a distinct instrument written upon a separate piece of paper, and in that case, its reference to the note intended to be guaranteed, must be so clear as to identify it *with certainty*, before the consideration of the one can be taken to support the other. In such case though parol proof may perhaps be admitted to establish identity of time where the instrument of guaranty is without date, yet it can never be resorted to for the purpose of identifying the note, by supplying defects in, or removing doubts arising upon the reference contained in the guaranty itself, for that would open the door to the very mischiefs the Statute was enacted to prevent. In other words, the Court upon reading the instrument must be able to say, that there is no ground for any doubt respecting its reference to the note alleged to be guaranteed, and if this cannot be done the case against the guarantor fails.

Let us then apply these well settled rules to the case before us. The guaranty sued on is a distinct instrument, written upon a separate piece of paper, and not endorsed, nor written upon the note to which it is said to refer. Now reading the paper as we must, without reference to the parol testimony offered by the plaintiff, we find that it bears date the 19th of April, 1875, and refers to a note of the same date, and for the same amount as the note produced, but here the correspondence between the two papers practically ends. It does not say it was a note at twelve months payable to the plaintiff or order, nor is it even addressed to the plaintiff as was the previous paper of the 19th of

April, 1874. But more than this, the note it describes is a note *" endorsed "* by the Davises, whereas the note produced is a note of which they are the *makers.* The defendants were merchants, and we cannot assume they were ignorant of the meaning of the terms *endorser* and *maker* when applied to commercial instruments. But in fact the meaning of these terms when used in reference to promissory notes, is so well understood and so generally accepted that it cannot be said that any person of ordinary intelligence in describing in writing a note as *endorsed by* certain parties, means a note of which they are *makers.* We have therefore no hesitation in saying, that the description in a written guaranty of a note endorsed by certain named individuals, is not gratified by a note which the same parties have signed as makers. Nor can the intention to refer to such a note be established in a Court of law in an action upon the guaranty, by *parol proof* of facts and circumstances from which a jury might find such intention. If it was the actual intention of the defendants to guarantee this note, then that intention has not been expressed in the guaranty, and resort must be had to a Court of equity to correct the mistake, and reform the instrument. In that tribunal, the parol testimony here offered may be available to prove the mistake, but we are now dealing with an action at law, and must read and construe the paper as it stands. Upon the question, we have thus considered, we cannot distinguish this case from that of *Deutsch vs. Bond,* 46 *Md.,* 164.

It was said, though the argument was not pressed with much confidence by the appellant's counsel, that this was an original and not a collateral undertaking, and therefore not within the Statute. In answer to this objection it is only necessary to refer to the case of *Leonard vs. Vredenburgh,* 8 *Johns.,* 29, which was cited and approved in *Nabb vs. Koontz,* 17 *Md.,* 288. There was no error in granting the defendant's second and third prayers. These were ad-

dressed to the note and guaranty of the 19th of April, 1874, to which the fifth count of the declaration refers. By the express terms of that paper the defendants engaged to pay that note in case the plaintiff could not *collect it from its makers.* The Court was clearly right in instructing the jury, there could be no recovery under this count of the declaration, unless they found that the plaintiff could not have collected the note of the 19th of April, 1874, from either of the makers of that note, and that there was no legally sufficient evidence in the cause from which they could find he could not have collected it from some one of such makers. We therefore find no error in any of the rulings of the Court below, to which exceptions were taken by the appellant, and the judgment must be affirmed.

*Judgment affirmed.*

(Decided 26th June, 1878.)