## C. ROSS KLOSTERMAN *vs.* THE UNITED ELECTRIC AND POWER COMPANY.

*Guaranty—Consideration—Parol Evidence to Show Time of Execution —Mutuality of Obligation.*

When a party makes a guaranty of the performance of a contract by another at the time that such contract is made, the same consideration that supports the contract supports the guaranty.

Parol evidence is admissible to show the time at which a guaranty was executed and delivered and, it is a question of fact for the jury to find whether the guaranty was made after the execution of the contract guaranteed or not.

When the contract to furnish a certain electric current on the one hand and to pay for the same on the other contains a provision that the electric company shall not be liable for delay in making connections caused by strikes or inability to secure employees, there is no lack of mutuality, and the promise to pay for the current agreed to be supplied is supported by the promise of the company to furnish it.

Under a contract for a supply of electric light during a certain period, the purchaser agreed to pay not less than a designated sum "whether the lamps burn or not." Defendant guaranteed "the payment of al bills payable by the contract." *Held,* that defendant is liable for any part of the designated amount due under the terms of the contract.

When a guaranty is written on the original offer the performance of which it guarantees, and expressly refers to same, and the execution of the guaranty is made a condition of the acceptance of the offer then the same consideration supports both the contract and the guaranty, though the offer may have been signed prior to the execution of the guaranty.

Appeal from the Superior Court of Baltimore City (DOB-LER, J.)

*Plaintiff's Prayer.*—If the Court sitting as a jury shall find that on or about the 8th day of May, the National Coliseum Company, a body corporate, by C. Ross Klosterman, its secretary and treasurer, made to the plaintiff the written proposal, offered in evidence, for the service of electric current, for a period of twenty weeks and agreed to pay the sum of $470 for the service of said electric current and shall further find that C. Ross Klosterman, the defendant, promised in writing to secure the payment of said sum in the following manner: "I do hereby guarantee the payment of all bills payable by this contract" and the said proposal for service was accepted by the plaintiff and that said acceptance was not made until said written promise was given as aforesaid and shall further find that the plaintiff performed its obligations under the terms of said written proposal and acceptance and shall further find that a balance of $213.80 remains due and is now unpaid, then the verdict of the Court, sitting as a jury shall be for the plaintiff.    (*Granted.*)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Emil Budnitz*, for the appellant.

*Alexander Hardcastle, Jr.*, (with whom was *Frank Donaldson Wynn* on the brief), for the appellee.

PAGE, J., delivered the opinion of the Court.

This is an action of *assumpsit*, brought by the appellees against the appellant for the alleged failure of the former to

pay the amount due under its agreement to furnish electric current to the premises of the National Coliseum Company. At the conclusion of the testimony the Court granted one instruction for the appellees and rejected the three asked for by the appellant; and as to the correctness of this action of the Court, arise all the questions that are presented by this record.

The evidence shows, that on the 5th of May, 1902, the National Coliseum Company made application, in writing, to the appellee, to furnish electric current ·for sixty-one arc lamps, which the appellant agreed to use for a term of twenty weeks, beginning on or about 1st June, 1902, "or when said current is subsequently supplied," and to pay therefor at the office of the appellee on the Monday of each succeeding week at 35 cents per lamp, said lamps to burn from dusk to midnight; no lamps to burn unless notice in writing is given at 30 S. Eutaw street by or before 6 o'clock P. M., that the service is required that night. "The subscribers guarantee to pay not less than $470 during the season, whether lamps burn or not." On the said application were printed certain "terms and conditions," and it was agreed that these, "so far as they were not inconsistent" with the terms of the application, should be considered as part of the agreement; the whole, that is the application and the terms and conditions printed thereon, to "form a binding contract between the applicant and the company when accepted in writing by the secretary" of the appellees. This application signed by the National Coliseum Company was accepted in writing by the secretary of the appellee. Appended to the application were these words, viz: "I do hereby guarantee the payment of all bills payable by this contract—(signed by) C. Ross Klosterman." Mr. Symington, the secretary of the appellee testifies that he did not accept the application or sign it until after Klosterman had personally guaranteed it and that he refused to sign it until it was so guaranteed. On the other hand Mr. Klosterman testified that the application was signed by the secretary before he had "guaranteed it." Before the Act of 1900, ch.

362, it was well settled that in the case of a "collateral promise to answer for the debt or default of another, it is necessary that a consideration as well as the promise should appear from the writing." But, as was stated in the case of *Ordeman* v. *Lawson & Bro.*, 49 Md. 155, "It is not necessary that the consideration should be stated in express terms, but it is sufficient if it may be collected or implied with certainty from the instrument itself. It frequently occurs that a guaranty is written upon the instrument it professes to guarantee, as when a third party writes upon a promissory note at the same time that the note itself is executed and delivered to the payee, a guaranty in these terms "I hereby guarantee the within or above note," or "I hereby guarantee payment of the within or above note," and signs it, thus making but one contract, and in such cases the consideration which upholds the note, will support the guaranty and the latter will be good." *Supra.* In the same case it was held that when there is no date affixed to the guaranty, so that it is left uncertain whether it may not have been written after the instrument guaranteed was executed, delivered and received as a complete contract, parol proof may be admitted to show "identity of time," that is to say that the guaranty was written and signed, at the time of the execution and delivery of the note."

The guaranty in this case refers clearly to the contract made by the Electric Light Company with the National Coliseum Company. It guarantees the "payment of all bills payable by this contract." It bears no date, but there was parol evidence to the effect substantially, that the Electric Company did not sign or accept the contract until it was guaranteed by Klosterman; and whether it was in fact signed at that time was a matter proper to be submitted to the jury. There was no error therefore in granting the appellee's prayer.

But it was contended that by a proper construction of the terms of the guaranty, there could be no recovery in this case because the contract itself offered in evidence is void by reason of the want of "mutuality of obligation;" and the Court was asked by the defendant's second prayer to so instruct the

jury.  It is conceded that "on the face" of the contract be-
tween the appellee and the Coliseum Company, there is a
proposal and an acceptance; but it is alleged that by the con-
ditions annexed to the body of the contract, but forming a
part of it the appellee is under no obligation to furnish the
current, though the Coliseum is bound to take it and pay for
it and for that reason the contract lacks mutuality.  The
specific clause, supposed to have that effect is the first clause
contained in the "terms and conditions," to the effect that the
"Electric Company does not bind itself to furnish current at
any particular time after the application has been accepted."
But if this clause be read in connection with those that suc-
ceed, it is clear that this provision was intended to cover such
cases of delay in making the connection as might arise by
reason of strikes, inability to secure employees and other
reasons sufficient to cause delay.  Under such circumstances,
the applicant may relieve himself of the obligation by giving
a prescribed notice to the Electric Company.  The contract
is in the form of an application, accepted by the appellee and
agreed to "form a binding contract."  It seems to be clear
therefore that the appellee's obligation under its terms, is to
connect its system, at the times mentioned, but provision is
made for its protection in case of strikes or inability to secure
employees and also in other cases expressly mentioned in the
application and the conditions thereto.  There was no error
therefore in the rejection of the defendant's second prayer.

The defendant's third prayer was also properly rejected.

The balance remaining unpaid of the total amount, was an
amount due by specific terms of the contract.  The guarantee
was "the payment of all bills payable by this contract"—and
therefore if any part of the $470 was due and unpaid, it was
clearly within the legal obligation of the guaranty to have it
paid.

The fourth prayer of the defendant, states the proposition
that if the contract had been signed by the parties in duplicate
and the secretary and treasurer of the Coliseum Company had
possession of a duplicate copy thereof, and that "after the

execution of said contract," the defendant guaranteed in writing the payment of all bills, &c., then the verdict must be for the defendant. This instruction does not submit to the jury to find whether or not the guaranty was made after the contract had been executed and delivered. The correct principle may be stated as follows: If the original debt or obligation be founded upon a good consideration, and at the time when it is incurred or undertaken or before that time, the guaranty is given or received, the consideration for the original contract is taken as the consideration of the guaranty; otherwise the consideration for the guaranty must be expressed. *Nabb* v. *Koontz*, 17 Md. 288.

In order therefore to render this instruction unobjectionable, there should have been submitted for the consideration of the jury whether the guaranty was entered into, after the making and delivery of the contract. In all cases it is not necessary that the consideration for a guaranty should be stated in express terms, provided it can be collected or implied with certainty from the instrument itself. *Hutton* v. *Padgett*, 26 Md. 331; *Roberts* v. *Woven Wire*, 46 Md. 374. But must be collected "with certainty;" not as a mere conjecture, however plausible; but "a well-grounded inference to be necessarily collected from the terms of the memorandum"—per C. J. Denman, 35 E. C. R. 551. This Court said in *Hutton* v. *Padgett, supra*, "if the consideration can be clearly inferred or gathered from the writing, the statute is gratified." *Deutsch* v. *Bond*, 46 Md. 169.

Here the guaranty is endorsed on the same paper, and refers expressly to the contract. The two together show clearly that the consideration, was the connection of the electric system with the premises of the Coliseum. The guaranty must be regarded as a part of the original contract made with the same understanding even though the contract may have been signed prior in time to the guaranty. The fourth prayer was therefore properly rejected.

There being no error in the rulings of the Court below the judgment will be affirmed.          *Judgment affirmed.*

Decided March 22nd, 1905.)